395 So.2d 1285 (1981)
Briam BEVAN, Appellant,
v.
Joseph P. D'ALESSANDRO, As State Attorney for the Twentieth Judicial Circuit, Appellee.
No. 80-1662.
District Court of Appeal of Florida, Second District.
April 1, 1981.
Brian Bevan, pro se.
Jim Smith, Atty. Gen., Pamela L. Lutton, Asst. Atty. Gen., and Mary K. Kraemer, Certified Legal Intern, Tallahassee, for appellee.
BOARDMAN, Judge.
Brian Bevan appeals the trial court's dismissal with prejudice of his replevin action for failure to prosecute. The court's dismissal was entered after appellant had entered a voluntary dismissal. We reverse.
On October 20, 1978, appellant filed a complaint for return of a certain taped conversation, which he claimed he was entitled to pursuant to an agreement with the state attorney. It was dismissed with leave to amend, and appellant filed an amended complaint. Various motions were subsequently filed, one during January and the last on June 18, 1979. No further record activity occurred until June 27, 1980, when the state filed a motion to dismiss for failure to prosecute. Appellant received a copy of the motion, and on July 30, 1980, five days before the scheduled hearing on the motion, he voluntarily dismissed the case pursuant to Florida Rule of Civil Procedure 1.420(a)(1). The hearing on the state's motion nevertheless took place, with the result that the trial court dismissed the action with prejudice. The order was predicated upon appellant's failure to prosecute and his failure to comply with rule 1.420(e), which requires a plaintiff to show good cause, in writing, within five days before the hearing on a motion to dismiss for failure to prosecute, why his action should remain pending.
Though we have been unable to locate a case which precisely addresses the situation involving the use of rule 1.420(a)(1) to avoid operation of rule *1286 1.420(e), a number of cases have held that a party has an absolute right to take a voluntary dismissal at any time prior to a hearing on a motion for summary judgment, before the jury retires, or before submission of a nonjury case to the court for decision. Fears v. Lunsford, 314 So.2d 578 (Fla. 1975); Ambassador Insurance Co. v. Highlands General Hospital, 383 So.2d 254 (Fla.2d DCA 1980); Meyer v. Contemporary Broadcasting Co., 207 So.2d 325 (Fla. 4th DCA 1968); Annot., 36 A.L.R.3d 1113, 1167 § 14(b). This right is so entrenched that in Randall-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), the trial court was not allowed to set aside a voluntary dismissal even when a plaintiff who had taken a voluntary dismissal quickly asked the court to set it aside after discovering that the statute of limitations had run on his wrongful death action. Our supreme court held that the plaintiff's voluntary dismissal divested the trial court of jurisdiction to subsequently relieve the plaintiff's attorney of the consequences of his tactical error.
We are aware that in Select Builders of Florida, Inc. v. Wong, 367 So.2d 1089 (Fla.3d DCA 1979), the court carved out a narrow exception to the general rule, holding a voluntary dismissal inoperative in situations where fraud on the court was attempted by the filing of a voluntary dismissal. There, however, the plaintiff had received affirmative relief to which he was not entitled and sought to avoid correction of the trial court's error by taking a voluntary dismissal. Here, on the other hand, appellant has received no affirmative relief, nor does his action in taking a voluntary dismissal rise to the level of a fraud on the court under the circumstances. Therefore, although we feel appellant has thwarted the intent and purpose of the rule, his absolute right to the benefits of rule 1.420(a)(1) superseded his responsibility to comply with rule 1.420(e).
Accordingly, having determined that the trial court was without jurisdiction to hear appellee's motion to dismiss after appellant's voluntary dismissal, we REVERSE and REMAND the cause for proceedings consistent with this opinion.
HOBSON, Acting C.J., and DANAHY, J., concur.