835 So.2d 292 (2002)
ORMOND BEACH ASSOCIATES LIMITED, et al., Appellant,
v.
CITATION MORTGAGE, LTD., et al., Appellee.
No. 5D01-2015, 5D01-3171.
District Court of Appeal of Florida, Fifth District.
December 20, 2002.
Rehearing Denied January 28, 2003.
*293 J. Lester Kaney of Cobb, Cole & Bell, Daytona Beach, Leighton Aiken and Dana M. Campbell of Owens, Clary & Aiken, L.L.P., Dallas, Texas, for Appellant.
Shannon McLin Carlyle of The Carlyle Appellate Law Firm, Lady Lake and William E. Sherman of Landis Graham French, P.A., Deland, for Appellee.
PALMER, J.
In this consolidated appeal, Ormond Beach Associates Limited Partnership (Ormond *294 Beach), LPIMC Inc., John Galston, Eugene Rosen, and Bruce Weinstein appeal:
(1) the final order recognizing as valid the voluntary dismissal without prejudice filed by appellee Citation Mortgage (Case No. 5D01-2015); and,
(2) the order denying Ormond Beach's motion for attorney's fees (Case No. 5D01-3171).
Concluding that the trial court properly held that Citation Mortgage was entitled to take a voluntary dismissal without prejudice, and that such dismissal precluded the trial court from granting Ormond Beach's motion for attorney's fees, we affirm.
These parties have previously been before this court for review of various final and non-final orders during the pendency of this complex, ten-year lawsuit involving claims for mortgage foreclosure, breach of contract, enforcement of guarantees, and foreclosure of security interests. Answers and affirmative defenses, but no counterclaims, were filed. Two particular events have an impact on the instant case.
First, during the course of this protracted litigation, Ormond Beach filed for bankruptcy. On December 22, 1994, the bankruptcy court lifted the automatic stay for the limited purpose of allowing Citation Mortgage to pursue a claim for rent against Ormond Beach. On December 27, 1994, Ormond Beach filed a motion for partial summary judgment, which was granted on March 5, 1995. However, on December 13, 1995, the bankruptcy court reconsidered its ruling and determined that the order lifting the automatic stay had been improvidently entered, and that Citation Mortgage's claims for rent needed to be addressed by the bankruptcy court. The bankruptcy court also ruled that the findings of fact made by the Florida trial court in its March 5, 1995 order were not binding. See In re: Ormond Beach Assocs. Ltd. Partnership, 204 B.R. 336 (Bankr.D.Conn.1996).
Second, during the pendency of the bankruptcy proceeding several of the other named party defendants filed a motion to sever Citation Mortgage's claims against them from its claims against Ormond Beach. They also moved for entry of a final judgment. The trial court granted the motion to sever and entered a final summary judgment in favor of those defendants. That order was affirmed on appeal. See Citation Mortgage Ltd. v. RC of a Retirement Living Ltd. Series III, 753 So.2d 777 (Fla. 5th DCA), rev. denied, 773 So.2d 54 (Fla.2000).
After the conclusion of that appeal, Ormond Beach filed a motion for summary judgment in the trial court. In the meanwhile, a decision was rendered in its favor by the bankruptcy court.[1] Ormond Beach then amended its motion and the matter was set for hearing on June 4, 2001. However, on June 1, 2001, Citation Mortgage served its notice of voluntary dismissal without prejudice. Over objection, the trial court entered an order, recognizing the voluntary dismissal without prejudice and determining the pending summary judgment motion was moot. This appeal timely followed.
Ormond Beach thereafter sought a ruling on its pending motion for attorney's fees and costs which had been filed pursuant to section 768.79 of the Florida Statutes (Florida's offer of judgment statute). *295 The trial court denied the request for attorney's fees. A separate notice of appeal was filed as to that order. This court consolidated the two appeals for purposes of appellate review.
We initially note that Ormond Beach's filings below are confusing and imprecise as to which defendants were properly before the trial court and thus were affected by Citation Mortgage's filing of its notice of voluntary dismissal without prejudice. Our review of the record reveals that Ormond Beach was the only party-defendant which was actually affected by that filing and, thus, the only party which possesses standing to pursue an appeal thereon. Similarly, the motion for attorney's fees below only related to Ormond Beach. Accordingly, only Ormond Beach possesses standing to challenge the order denying the request for offer of judgment attorney's fees.
Ormond Beach first argues that the trial court erred in ruling that Citation Mortgage could file a voluntary dismissal without prejudice under rule 1.420 of the Florida Rules of Civil Procedure. We disagree.
Under rule 1.420, a plaintiff may dismiss an action without order of the court before trial by serving a notice of dismissal "at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury if the case is tried before a jury or submission of a non-jury case to the court." Our courts have consistently construed this rule as meaning that, at any time before a hearing on a motion for summary judgment, a party seeking affirmative relief has nearly an absolute right to dismiss his entire action once, without a court order, by serving a notice of dismissal. Marine Contractors, Inc. v. Armco, Inc., 452 So.2d 77 (Fla. 2d DCA 1984); State Dep't. of Natural Resources v. Hudson Pulp & Paper Corp., 363 So.2d 822 (Fla. 1st DCA 1978); Meyer v. Contemporary Broadcasting Co., 207 So.2d 325 (Fla. 4th DCA 1968). The only recognized common law exception to the broad scope of this rule is in circumstances where the defendant demonstrates serious prejudice, such as where he is entitled to receive affirmative relief or a hearing and disposition of the case on the merits, has acquired some substantial rights in the cause, or where dismissal is inequitable. See Romar Int'l, Inc. v. Jim Rathman Chevrolet/Cadillac. Inc., 420 So.2d 346 (Fla. 5th DCA 1982); Visoly v. Bodek, 602 So.2d 979 (Fla. 3d DCA 1992).
When presented with Citation Mortgage's notice of voluntary dismissal without prejudice, the issue for the trial court to resolve was simply whether either (1) a hearing on a motion for summary judgment had been conducted prior to the time the notice was filed, or (2) Ormond Beach was seriously prejudiced by the filing. Obviously, the trial court concluded that neither prong was established. Ormond Beach challenges this ruling, arguing that the court erred on both prongs.
In that regard, Ormond Beach contends that the trial court erred in permitting Citation Mortgage to voluntarily dismiss its case because the instant record demonstrates that a partial summary judgment had been entered in favor of Ormond Beach on March 5, 1995. However, Citation Mortgage aptly responds by arguing that this claim should be rejected as meritless because the record demonstrates that the trial court's March 5, 1995 summary judgment order was void.
As noted above, during the one-year time period between the time the bankruptcy court partially lifted the stay and the time the court rescinded its order, the trial court was presented with and thereafter granted a motion for partial summary *296 judgment. Ormond Beach now relies on this order to support its position that rule 1.420 cannot be applied in this case. However, the March 5, 1995 partial summary judgment was rendered a nullity when the bankruptcy court rescinded its order lifting of the automatic stay. As such, the void order could not constitute a bar to the filing of a voluntary dismissal under rule 1.420. See Personalized Air Conditioning, Inc., v. C.M. Systems of Pinellas County, Inc., 522 So.2d 465 (Fla. 4th DCA 1988) (explaining that trial court proceeding is automatically stayed upon filing of a petition in bankruptcy so any trial court order entered during stay is void).
As for prong two of the rule 1.420 analysis, Ormond Beach argues that the trial court erred in concluding that Citation Mortgage's filing of its notice of voluntary dismissal was proper in light of the fact that such dismissal operated to deny Ormond Beach of a substantive right to seek affirmative relief, to wit: the recovery of its offer of judgment attorney's fees. In a closely related claim Ormond Beach argues that since our supreme court has ruled that upon voluntary dismissal of an action without prejudice offer of judgment attorney's fees are not recoverable[2], the trial court's acceptance of Citation Mortgage's voluntary dismissal without prejudice deprived Ormond Beach of its "right" to recover any such fees and thus said ruling constituted "great prejudice". We disagree because the instant record fails to demonstrate that Ormond Beach had acquired any "substantial right" to recover any offer of judgment attorney's fees.
Although the record demonstrates that Ormond Beach submitted two offers of judgment during the pendency of this litigation, one in 1992 and a second in 1993, the record fails to conclusively demonstrate Ormond Beach ever acquired a right to recover attorney's fees based on same. The instant record does not contain conclusive evidence that, absent the voluntary dismissal, a judgment would have been entered in Ormond Beach's favor on any or all of Citation Mortgage's pending claims, nor is there any finding made by the trial court that either or both of the offers were made in good faith. See Disney v. Vaughen, 804 So.2d 581 (Fla. 5th DCA 2002)(recognizing that the determination of whether an offer of judgment was served in good faith turns entirely on whether the offeror had a reasonable foundation upon which to make the offer, a finding which must be made by the trial court after conducting an evidentiary hearing thereon).
Ormond Beach also claims that the trial court erred in denying its request for statutory offer of judgment attorney's fees because its offer of judgment and amended offer of judgment "undeniably satisfied the requirements of section 768.79". Ormond Beach argues that since it satisfied the procedural requirements of section 768.79 of the Florida Statute, the court trial erred in denying its request for fees. We disagree.
Our supreme court has ruled that, upon voluntary dismissal of an action without prejudice, statutory offer of judgment attorney's fees are not recoverable. See MX Investments, Inc., v. Crawford, 700 So.2d 640 (Fla.1997)(holding that offer of judgment statute does not provide a basis for an award of attorney fees and costs unless dismissal is with prejudice). Thus, once the trial court recognized Citation Mortgage's notice of voluntary dismissal without *297 prejudice, Ormond Beach lost its right to request recovery of such fees. To hold otherwise would preclude the filing of a voluntary dismissal in all cases in which a defendant had filed an offer of judgment.
AFFIRMED.
COBB and PLEUS, JJ., concur.
NOTES
[1] The bankruptcy court disallowed all of Citation's claims against Ormond Beach. See In Re: Ormond Beach Assocs., Ltd. Partnership, 204 B.R. 336 (Bankr.D.Conn.1996). That decision was affirmed on appeal. See In Re: Ormond Beach Assocs., Ltd. Partnership, 184 F.3d 143 (2d Cir.1999).
[2] See MX Investments, Inc. v. Crawford, 700 So.2d 640 (Fla.1997) (holding that offer of judgment statute does not provide a basis for an award of attorney fees and costs unless dismissal is with prejudice).