840 So.2d 315 (2003)
Thomas B. JOHNSTON, et al., Appellants,
v.
William MEREDITH, et al., Appellees.
No. 3D02-2655.
District Court of Appeal of Florida, Third District.
February 12, 2003.
Clarification Denied March 26, 2003.
Wilson, Elser, Moskowitz, Edelman & Dicker and Ricardo J. Cata, Miami, and *316 Ariana Fajardo, Miami Springs, for appellants.
Stewart Tilghman Fox & Bianchi and James B. Tilghman, Jr., Miami, for appellees.
Before LEVY, GREEN, and RAMIREZ, JJ.
PER CURIAM.
Thomas B. Johnston, as the District Grandmaster and member of Kappa Sigma Fraternity, Kappa Sigma Fraternity, and Epsilon Beta Chapter of Kappa Sigma Fraternity appeal from a trial court Order denying their Motion to Quash Service of Process. We reverse.
William Meredith, as Personal Representative of the Estate of Chad Meredith, filed a wrongful death lawsuit against the Appellants and three of the late Chad Meredith's fraternity brothers. Service of process was effected on the three fraternity brothers individually and as members of Epsilon Beta and Kappa Sigma, and on Thomas Johnston as the District Grand Master and a member of Kappa Sigma. Appellants Johnston, Kappa Sigma, and Beta Epsilon filed a Motion to Quash Service of Process, contending that service of process on Johnston was insufficient to obtain jurisdiction over Kappa Sigma and Epsilon Beta because Kappa Sigma and Epsilon Beta were voluntary, unincorporated associations which could only be sued by serving all of their members. The trial court denied the motion. This appeal follows.
It is undisputed that Kappa Sigma and Epsilon Beta are voluntary, unincorporated associations. Thus, the trial court erred in denying the Motion to Quash Service of Process because such an association must sue or be sued in the names of the individuals composing it rather than its firm name. See Asociacion De Perjudicados Por Inversiones Efectuadas En U.S.A. v. Citibank, F.S.B., 770 So.2d 1267, 1269 n. 3 (Fla. 3d DCA 2000). Accordingly, we reverse and remand with directions to the trial court to grant the motion.
Unlike some other jurisdictions[1] that permit an unincorporated association to sue or be sued in its own name, Florida does not have such an enabling statute. The question regarding whether these associations should be amenable to suit in Florida is within the province of the legislature, not the judiciary.
Reversed and remanded with directions.
NOTES
[1] For example, in Virginia, "[a]ll unincorporated associations or orders may sue and be sued under the name by which they are commonly known and called, or under which they do business, and judgments and executions against any such association or order shall bind its real and personal property in like manner as if it were incorporated." Va.Code § 8.01-15.