884 So.2d 178 (2004)
Joel PATTERSON, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 2D03-4092.
District Court of Appeal of Florida, Second District.
July 23, 2004.
Rehearing Denied October 15, 2004.
*179 Raymond O. Bodiford and Bryan W. Crews of Crews & Bodiford, P.A., Orlando, for Appellant.
Deana M. Sisk and Ronald L. Arend of Ronald L. Arend, P.A., Fort Myers, for Appellee.
KELLY, Judge.
Joel Patterson sued Allstate Insurance Company for negligent failure to procure uninsured/underinsured motorist coverage. The case was referred to nonbinding arbitration, and the arbitrator issued a decision in favor of Allstate. Twenty days passed, and neither party requested a trial de novo. Subsequently, Allstate notified the court of that fact. In response, Patterson filed a notice of voluntary dismissal without prejudice, which Allstate countered with a motion for entry of a final judgment. Ultimately, the trial court entered a judgment in favor of Allstate from which Patterson has appealed. Patterson argues that because he had dismissed his action, the trial court did not have jurisdiction to enter the final judgment. Allstate argues that Patterson's notice of voluntary dismissal was untimely and therefore did not effect a dismissal of the action. We conclude that a voluntary dismissal filed after a nonbinding arbitration has become final is untimely, and accordingly, the trial court properly entered judgment in favor of Allstate.
At common law, a plaintiff in an action at law could enter a voluntary non-suit as a matter of right at any stage of the proceedings. Nat'l Broadway Bank v. Lesley, 31 Fla. 56, 12 So. 525 (1893). This right continued to the last moment of trial, even until after the verdict was rendered, or where the case was tried before the court, until the court had pronounced its decision. Id. at 526. In equitable actions, a plaintiff's right to take a voluntary dismissal was more circumscribed. Smith v. Milham, 94 Fla. 1159, 115 So. 532 (1927); Da Costa v. Dibble, 40 Fla. 418, 24 So. 911 (1898); Ormond Beach Assocs., Ltd. v. Citation Mortgage, Ltd., 835 So.2d 292 (Fla. 5th DCA 2002). A plaintiff was entitled to a voluntary dismissal as a matter of right unless the defendant could demonstrate "serious prejudice, such as where he is entitled to receive affirmative relief or a hearing and disposition of the case on the merits, has acquired some substantial *180 rights in the cause, or where dismissal is inequitable." Ormond Beach, 835 So.2d at 295. Over time, the stage of the proceedings at which a plaintiff could take a voluntary dismissal became governed by statute and the rules of civil procedure, many of which eliminated or severely limited the right to a dismissal. Freeman v. Mintz, 523 So.2d 606 (Fla. 3d DCA 1988).
In Florida, the right has been limited by Florida Rule of Civil Procedure 1.420(a) which gives plaintiffs the right to voluntarily dismiss their action at any time "before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court." Until the line drawn by this rule is crossed, the plaintiff's right to a voluntary dismissal is "absolute." Fears v. Lunsford, 314 So.2d 578 (Fla.1975) (allowing a voluntary dismissal when the motion was made after the trial court granted the defendant's motion for a directed verdict but before the directed verdict was announced to the jury); see also Ambory v. Ambory, 442 So.2d 1087 (Fla. 2d DCA 1983) (approving a voluntary dismissal when the motion was made after the trial court orally granted the defendant's motion to dismiss with prejudice but before the court entered a written order); Romar Int'l, Inc. v. Jim Rathman Chevrolet/Cadillac, Inc., 420 So.2d 346 (Fla. 5th DCA 1982) (approving a voluntary dismissal after the defendant moved for sanctions pursuant to Florida Rule of Civil Procedure 1.310(g)(1) because the plaintiff noticed a deposition and failed to attend); Bevan v. D'Alessandro, 395 So.2d 1285 (Fla. 2d DCA 1981) (approving a voluntary dismissal after the defendant moved to dismiss for failure to prosecute and the time had lapsed for the plaintiff to show cause why the action should not be dismissed).
Nevertheless, several cases have recognized exceptions to this "absolute" right to a voluntary dismissal where there is fraud, Bevan, 395 So.2d at 1286; Romar, 420 So.2d at 347, where the defendant can demonstrate the common law exception to the right, Ormond Beach, 835 So.2d at 295, or where the stage at which the dismissal is taken is deemed the equivalent of a summary judgment. Visoly v. Bodek, 602 So.2d 979 (Fla. 3d DCA 1992). In this case, the issue is whether a plaintiff may take a voluntary dismissal after a nonbinding arbitration decision has become final. Because rule 1.420(a) does not address this specific situation and therefore does not preclude a voluntary dismissal, we must decide whether one of the exceptions developed in the case law applies.
To answer that question we have looked at how the failure to timely request a trial de novo affects the rights of the parties and the power of the trial court.
Section 44.103(5), Florida Statutes (2003), states in pertinent part:
If no request for trial de novo is made within the time provided, the decision shall be referred to the presiding judge in the case who shall enter such orders and judgments as are required to carry out the terms of the decision, which orders shall be enforceable by the contempt powers of the court, and for which judgments execution shall issue on request of a party.
This court has recognized that "if no motion for trial is timely served, then the trial court must enforce the decision of the arbitrator and has no discretion to do otherwise." Bacon Family Partners, L.P. v. Apollo Condo. Ass'n, 852 So.2d 882, 888 (Fla. 2d DCA 2003). Thus, but for the voluntary dismissal, Allstate would be entitled to a judgment in its favor that would preclude further litigation of the same subject matter. Accordingly, we conclude *181 that this case falls within the exception recognized in Ormond Beach where the parties have acquired "substantial rights in the cause" and are entitled to a "disposition of the case on the merits." See Ormond Beach, 835 So.2d at 295. Therefore, Patterson's notice of voluntary dismissal was untimely and did not operate to dismiss his action. Accordingly, the trial court still had jurisdiction and properly entered a judgment in favor of Allstate.
Affirmed.
WHATLEY and WALLACE, JJ., Concur.