973 So.2d 1286 (2008)
Lynne A. LARKIN, Appellant,
v.
Elizabeth H. BURANOSKY, Kris E. Smith, Residents for Truth, a Florida electioneering committee, Randy Nielsen, Public Concepts, LLC, a Florida limited liability company, Richard M. Johnston, Public Concepts, Inc., a Florida corporation, and Americans for Free Speech, a 527 political organization, Appellees.
Nos. 4D07-1050, 4D07-1747.
District Court of Appeal of Florida, Fourth District.
February 20, 2008.
Peter M. Feaman and Anya, M. Kudszus of Hodgson Russ LLP, Boca Raton, for appellant.
L. Martin Reeder, Jr. and C. Bryce Albu of Reeder & Reeder P.A., Jupiter, for appellees Elizabeth H. Buranosky and Randy Nielsen on behalf of appellees Residents for Truth and Americans for Free Speech.
POLEN, J.
Appellant Lynne Larkin appeals the trial court's dismissal of her claim, with prejudice, against Appellees, Residents for Truth (RFT) and Americans for Free Speech (AFFS). Larkin was formerly the vice mayor of the City of Vero Beach, Florida and in 2005 was up for re-election to the Vero Beach City Council. During the course of the election campaign, RFT, funded by AFFS, circulated negative information about Larkin by way of radio, television and newspaper advertisements. RFT was a Florida Electioneering Communication Organization (ECO) and AFFS is a federal political organization formed under IRS Code Section 527 and both are unincorporated associations. After losing the election, Larkin filed a complaint against several individuals along with RFT and AFFS. Following motions from RFT and AFFS, the trial court dismissed the complaint with prejudice as to the two organizations, finding that under Florida law, unincorporated associations such as RFT and AFFS do not have the capacity *1287 to be sued in their own names. We affirm the trial court's dismissal of the complaint as to RFT and AFFS and write to explain our holding.
A trial court's dismissal of a claim with prejudice is reviewed de novo. Norwich v. Global Fin. Assoc., LLC, 882 So.2d 535 (Fla. 4th DCA 2004). ECOs are created by section 106.022(19), Florida Statutes, which provides:
`Electioneering communications organization' means any group, other than a political party, political committee, or committee of continuous existence, whose activities are limited to making expenditures for electioneering communications or accepting contributions for the purpose of making electioneering communications.
§ 106.011(19), Fla. Stat. ECOs are not considered political committees but are "required to register with and report expenditures and contributions . . . to the Division of Elections." § 106.011(1)(a)2(b)3, Fla. Stat. Further, each ECO is required to "have and continuously maintain in this state a registered office and a registered agent and must file with the division a statement of appointment for the registered office and registered agent." § 106.022(1), Fla. Stat.
Larkin argues that Chapter 106, Florida Statutes, enables RFT and AFFS to be sued, asserting section 106.022(1), Florida Statutes requires a registered agent be appointed and arguing that one of the purposes of having a registered agent and a registered office is to accept service of process. In support of this argument, Larkin points to section 106.1475, Florida Statutes, which requires organizations making paid telephone calls supporting or opposing candidates to have "a registered agent for the purpose of any service of process, notice or demand required or authorized by law. . . ." § 106.1475(1), Fla. Stat. However, we hold section 106.1475(1), Florida Statutes, does not apply to RFT as an ECO. In fact, in contrast to section 106.1475(1), Florida Statutes, section 106.022, by which RFT was created, does not expressly indicate that the purpose of the registered agent is to receive service of process, notice or demand.
"Any statute that deviates from the common law approach must be strictly construed." Hilyer Sod, Inc. v. Willis Shaw Exp., Inc., 817 So.2d 1050, 1054 (Fla. 1st DCA 2002). In applying this rule of strict construction, a reading of the statute supports the trial court's finding that RFT lacked the capacity to be sued. Florida does not have an enabling statute that allows unincorporated associations to be sued in their own names. See Johnston v. Meredith, 840 So.2d 315 (Fla. 3d DCA 2003). In the absence of such a statute, we affirm the trial court's holding that unincorporated associations such as RFT and AFFS must be sued in the names of individual members rather than in their own name.
Affirmed.
STONE and MAY, JJ., concur.