GROSS, C.J.
 

 After winning
 
 [1]
 
 a $90,000 arbitration award, a corporate plaintiff pursued a trial de novo, which resulted in a defense verdict. This appeal concerns the defendant’s attempt to use the arbitration statute to pin attorney’s fees on the individual who controlled the corporate plaintiff. We affirm the trial court’s refusal to hold the individual liable for fees; by stipulation, the individual had been voluntarily dismissed from the lawsuit before trial, so that, under the applicable statute, he was not a “party” subject to a fee award.
 

 Manoochehr Fallah Moghaddam had a franchisee relationship with Dunkin’ Do
 
 *713
 
 nuts, Inc. He conducted his franchise business with Dunkin’ through a number of corporations. In 1999, Moghaddam and nine of his corporations sued Dunkin’ in a multi-count complaint. An amended complaint eliminated some of the corporate plaintiffs. In 2004, some of the counts of the amended complaint were voluntarily dismissed and others were dismissed or withdrawn in exchange for a payment.
 

 In October, 2004, an arbitrator awarded the plaintiffs $90,000, but the plaintiffs invoked their right to a trial de novo under section 44.108(5), Florida Statutes (2004). On March 30, 2006, Dunkin’, Moghaddam, and the corporate plaintiffs filed a stipulated voluntary dismissal as to all plaintiffs except for 330545 Donuts, Inc., pursuant to Florida Rule of Civil Procedure 1.420(a)(1)(B).
 
 [1]
 
 The stipulation for dismissal provided:
 

 Both Plaintiffs and Defendants agree to bear their own attorneys’ fees and costs incurred with respect to this claim and the parties that are being dismissed with prejudice.
 

 With leave of court, 330545 Donuts, Inc. filed a second amended complaint as the sole plaintiff.
 

 There was a jury trial. Moghaddam attended as the plaintiffs corporate representative. The jury found for Dunkin’ and awarded no damages.
 

 Dunkin’ then moved for the imposition of attorney’s fees against Moghaddam and 330545 Donuts, Inc. under section 44.103(6), Florida Statutes (2004). The circuit court awarded fees against the corporation, but declined to award fees against Moghaddam. The judge reasoned that after the voluntary dismissal and the filing of the second amended complaint by only the corporate plaintiff, Moghaddam was not a “party” or a “plaintiff’ within the meaning of section 44.103(6). Also, the court ruled that after the voluntary dismissal, it no longer had jurisdiction to award fees against Moghaddam.
 

 The effect of a voluntary dismissal under rule 1.420(a)(1) is
 

 to remove completely from the court’s consideration the power to enter an order, equivalent in all respects to a deprivation of “jurisdiction.”
 

 Miller v. Fortune Ins. Co.,
 
 484 So.2d 1221, 1223 (Fla.1986) (quoting
 
 Randle-Eastern Ambulance Serv., Inc. v. Vasta,
 
 360 So.2d 68, 69 (Fla.1978)). However, after a rule 1.420(a)(1) dismissal, a court retains jurisdiction under rule 1.540 “to relieve a party from the act of finality in a narrow range of circumstances.”
 
 Miller,
 
 484 So.2d at 1223;
 
 see Lee & Sakahara Assocs., AIA, Inc. v. Boykin Mgmt. Co.,
 
 678 So.2d 394, 395 (Fla. 4th DCA 1996) (concluding that “the limited jurisdiction conferred on the courts by rule 1.540(b) to correct errors includes the power to correct errors after entry of a voluntary notice of dismissal”).
 

 Because Moghaddam took a stipulated voluntary dismissal under rule 1.420(a)(1)(B), he was no longer a “party” subject to an award of attorney’s fees within the meaning of section 44.103(6). That section provides that a court “may” assess attorney’s fees against a “party” upon a “motion made by either party within 30 days after the entry of judgment.” § 44.103(6). The trigger for assessing fees against a plaintiff occurs when a plaintiff files for a trial de novo after arbitration and “the judgment upon the trial de novo is not more favorable than the arbitration decision.” § 44.103(6), Fla. Stat. (2004).
 

 Statutes authorizing awards of attorney’s fees, such as section 44.103(6),
 
 *714
 
 are in derogation of common law and must be strictly construed.
 
 See Montgomery v. Larmoyeux,
 
 14 So.3d 1067, 1072 (Fla. 4th DCA 2009) (citing
 
 Larkin v. Buranosky,
 
 973 So.2d 1286, 1287 (Fla. 4th DCA 2008) (stating that “ ‘[a]ny statute that deviates from the common law approach must be strictly construed’ ” (quoting
 
 Hilyer Sod, Inc. v. Willis Shaw Exp., Inc.,
 
 817 So.2d 1050, 1054 (Fla. 1st DCA 2002))). A strict construction of the statute leads to the conclusion that the trial court correctly refused to assess fees against Moghaddam. The voluntary dismissal and the filing of the amended complaint eliminated Mo-ghaddam as a “party” to the lawsuit. The statute contemplates an award of fees against a “party” that demands a trial de novo and receives an unfavorable result relative to the arbitration award. As a “party,” Moghaddam did not participate in the trial de novo.
 

 We reject Dunkin’s argument that for section 44.103(6) we should adopt the third district’s broad definition of the term “parties” in section 57.105, Florida Statutes (1985). In
 
 Lage v. Blanco,
 
 521 So.2d 299, 300 (Fla. 3d DCA 1988), the third district held that section 57.105 fees could be assessed against attorneys who had filed a frivolous lawsuit in the name of two corporate plaintiffs, without the authorization or knowledge of the corporations. In so holding, the court adopted a definition of parties that included all “ ‘... who participate in the litigation by employing counsel, or by contributing towards the expenses thereof, or who, in any manner, have such control thereof as to be entitled to direct the course of [the] proceedings.’ ”
 
 Lage,
 
 521 So.2d at 300 (quoting
 
 Theller v. Hershey,
 
 89 F. 575 (C.C.N.D.Cal.1898)).
 
 Lage
 
 is a unique ease, where there was no true party plaintiff, only the attorneys who acted in bad faith and without authorization. Its reasoning does not apply to a section 44.103(6) scenario. Section 44.103(6) is directed at the miscalculation of the strength of a case after an arbitration award; the purpose of the statute is to encourage acceptance of the arbitration award, not to punish litigation misconduct.
 
 [2]
 
 This is not a case where there was evidence that Moghaddam misused the corporate structure.
 
 See also Dania Jai-Alai Palace, Inc. v. Sykes,
 
 450 So.2d 1114, 1118 (Fla.1984) (“When the conception of corporate entity is employed to defraud creditors, to evade an existing obligation, to circumvent a statute, to achieve or perpetuate monopoly, or to protect knavery or crime, the courts will draw aside the web of entity ... and will do real justice between real persons.” (quoting
 
 Barnes v. Liebig,
 
 146 Fla. 219, 1 So.2d 247, 254 (1941))).
 

 Apart from our interpretation of section 44.103(6), a separate reason exists to affirm the circuit court’s order. The language of the stipulated dismissal stated that the parties agreed “to bear their own attorney’s fees and costs incurred with respect to this claim and the parties that are being dismissed with prejudice.” Where the dismissal so disposed of the attorney’s fee issue, the circuit court was without jurisdiction to reconsider that claim after trial against the plaintiffs dismissed from the lawsuit.
 
 See Lake County v. Ronald E. Fox, P.A.,
 
 705 So.2d 702 (Fla. 5th DCA 1998);
 
 compare Finkelstein v. N. Broward Hosp. Dist.,
 
 484 So.2d 1241,
 
 *715
 
 1242-43 (Fla.1986) (holding that where a “final judgment did
 
 not
 
 dispose of’ a claim for fees under a prevailing party statute, the trial court had “continuing jurisdiction”
 
 [3]
 
 to entertain a motion for attorney’s fees) (emphasis added)). Dunkin’ did not bring a rule 1.540 motion seeking to change the language of the stipulated dismissal.
 

 At oral argument, Dunkin’s attorney stated that the attorney’s fee language in the stipulated dismissal was added by the plaintiffs’ attorney without the agreement of Dunkin’. This claim finds support on the face of the stipulation, which indicates that the plaintiffs’ attorney signed the stipulation on behalf of Dunkin’s attorney, with his permission.
 
 [4]
 
 Apparently, after the stipulated dismissal was filed, the parties agreed to pretend that the attorney’s fee language in the dismissal did not exist. However, attorneys cannot stipulate to give a court jurisdiction.
 
 See Meyer v. Meyer,
 
 525 So.2d 462, 463 (Fla. 4th DCA 1988) (quoting
 
 Oyer v. Boyer,
 
 383 So.2d 717, 718 (Fla. 4th DCA 1980)). If the stipulated dismissal did not incorporate the parties’ agreement, Dunkin’ should have brought a rule 1.540 motion to change it.
 

 We have considered the arguments concerning the guaranty and find them to be without merit.
 

 Affirmed.
 

 TAYLOR and MAY, JJ., concur.
 

 [1]
 

 . In pertinent part, rule 1.420(a)(1)(B) provides that "an action may be dismissed by plaintiff without order of court ... by filing a stipulation of dismissal signed by all parties who have appeared in the action.”
 

 [2]
 

 .
 
 We also distinguish
 
 Zweibach v. Gordimer,
 
 884 So.2d 244 (Fla. 2d DCA 2004), a section 57.105 case that held that an officer and director of a dissolved corporation could be held liable for fees in light of section 607.1421(4), Florida Statutes (1997), which makes an officer or director of a dissolved corporation "personally liable for the debts, obligations, and liabilities” of a corporation. This case involves neither a dissolved corporation nor a section 57.105 claim.
 

 [3]
 

 . We note that Florida Rule of Civil Procedure 1.525 “establishes a bright-line time limit requirement for motions for costs and attorneys fees.”
 
 State Farm Mut. Auto. Ins. Co. v. Stylianoudakis,
 
 946 So.2d 647, 648 (Fla. 4th DCA 2007).
 

 [4]
 

 . The plaintiffs’ attorney who signed the stipulation is not one of the attorneys on the appellee's brief. Dunkin’s attorney has moved to supplement the record with emails supporting his position, but which were not brought up in the circuit court. Because this court is not one that can establish disputed facts, we have denied the motion.