VILLANTI, Judge.
This appeal arises from the trial court’s order striking the notice of voluntary dismissal filed by Service Experts, LLC, and reinstating the action based on the common law exception to a plaintiffs right to voluntarily dismiss the complaint, as set forth in Ormond Beach Associates, Ltd. v. Citation Mortgage, Ltd., 835 So.2d 292 (Fla. 5th DCA 2002). Because the common law exception did not apply in this case and because, as explained below, we have converted this appeal to a writ of prohibition, we quash the trial court’s order of reinstatement.
*28 Service Experts is in the business of selling, installing, servicing, and repairing heat, ventilation, and air cooling systems throughout Florida. In June 2007, it filed a lawsuit against three of its former employees and their new employer, Northside Air Conditioning & Electrical Service, Inc. (the Northside defendants). In a nutshell, the complaint alleged torts committed when the former employees left Service Experts to work for Northside Air Conditioning and asserted claims for breach of fiduciary duty, aiding and abetting the breach of fiduciary duty, tortious interference with contractual and business relationships, trade secret misappropriation, conversion, and conspiracy.
In March 2009, after almost two years of litigation, after the Northside defendants served offers of judgment, after the close of discovery, and after the Northside defendants moved for summary judgment, Service Experts filed a one-sentence notice of voluntary dismissal of their complaint without prejudice. The Northside defendants responded by filing a motion to strike Service Experts’ notice of dismissal or for entry of a dismissal with prejudice. The Northside defendants argued that the notice of voluntary dismissal should be stricken because Service Experts had perpetrated fraud on the court by filing two fraudulent affidavits in 2008. They also argued that Service Experts should not be allowed to dismiss the case after nearly two years of expensive litigation based on the common law exception to a plaintiffs right to dismiss a case as set forth in Ormond Beach.
In ruling on the Northside defendants’ motion to strike the voluntary dismissal, the trial court noted that it could not decide, on the record before it, whether fraud had been perpetrated upon the court. However, it concluded that the defendants had “acquired substantive rights in the outcome of [the] matter by the filing of the motion for summary judgment, by making offers of judgment and by setting forth convincing allegations of fraud, all of which would be lost if the dismissal without prejudice were allowed to stand.” The court then gave the parties the option of either proceeding to trial on the merits or scheduling an evidentiary hearing to determine whether fraud had actually been perpetrated on the court.[1] It was at this juncture that Service Experts filed its notice of appeal contending that this “option” improperly compelled it to continue litigating after it had filed a notice of voluntary dismissal.
We briefly address this court’s jurisdiction to consider this appeal. Service Experts’ notice of appeal was filed pursuant to Florida Rule of Appellate Procedure 9.130(a)(5). The Northside defendants have argued that this court does not have jurisdiction under rule 9.130(a)(5) because that rule applies to orders entered on motions for relief from judgment filed pursuant to Florida Rule of Civil Procedure 1.540. They state that their motion to strike the notice of voluntary dismissal was not made pursuant to rule 1.540 because that rule applies to final judgments, decrees, orders, or proceedings, and the voluntary dismissal they sought to set aside was not a final judgment, decree, or order. *29 We agree with their procedural assessment.
However, this case involves the circumstance of a plaintiffs notice of voluntary dismissal of an action before a summary judgment hearing and a trial court’s order reinstating the lawsuit in contravention of Florida Rule of Civil Procedure 1.420(a). Generally, a notice of voluntary dismissal deprives the trial court of jurisdiction over the case, see Ambory v. Ambony, 442 So.2d 1087, 1088 (Fla. 2d DCA 1983); Dunkin’ Donuts Franchised Rests., LLC v. 330515 Donuts, Inc., 27 So.3d 711, 713 (Fla. 4th DCA 2010); Freeman v. Mintz, 523 So.2d 606, 608 (Fla. 3d DCA 1988), but a trial court retains jurisdiction under rule 1.540 to relieve a party “ ‘from the act of finality in a narrow range of circumstances,’ ” none of which are applicable in this case, see Dunkin’ Donuts Franchised Rests., LLC, 27 So.3d at 713 (quoting Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223 (Fla.1986)). Based on the facts of this case, appellate jurisdiction does not neatly fall within the confines of rule 9.130(a)(5). Nevertheless, Florida Rule of Appellate Procedure 9.040(c) provides that when a party seeks an improper remedy, “the cause shall be treated as if the proper remedy had been sought.” Here, a writ of prohibition is appropriate “to forestall an impending injury where no other appropriate and adequate legal remedy exists and only when damage is likely to follow.” City of Ocala v. Gard, 988 So.2d 1281, 1283 (Fla. 5th DCA 2008). It is “the appropriate remedy to prevent an inferior tribunal from acting in excess of jurisdiction” where there is no right to remedy the wrong at issue by direct appeal. Id. at 1283. Because we conclude that the trial court’s order was in excess of its jurisdiction, we have appellate jurisdiction to “forestall an impending injury”— forced litigation after the plaintiffs notice of voluntary dismissal was filed. As there is no other adequate remedy, we convert this appeal to a writ of prohibition.[2]
We now analyze the merits of this case. In Patterson v. Allstate Insurance Co., 884 So.2d 178, 180 (Fla. 2d DCA 2004), this court summarized a party’s right to voluntarily dismiss an action:
Florida Rule of Civil Procedure 1.420(a) ... gives plaintiffs the right to voluntarily dismiss their action at any time “before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court.” Until the line drawn by this rule is crossed, the plaintiffs right to a voluntary dismissal is “absolute.” Fears v. Lunsford, 314 So.2d 578 (Fla. 1975)[.]
(Emphasis added.) There are limited exceptions to a plaintiffs “absolute” right to take a voluntary dismissal as a matter of right: (1) if there is fraud on the court, (2) if the defendant can establish the common law exception to the right of voluntary dismissal, or (3) if the plaintiff dismisses *30 the case at a stage which is deemed the equivalent of a summary judgment. Id. The Northside defendants asserted only that either the first or second exception applied in this case. However, because the trial court relied solely on the common law exception when it reinstated the complaint and did not amend its order after finding no fraud in fact had been committed, we begin our discussion with whether the common law exception applied in this case.
The common law exception to a voluntary dismissal was articulated by the Fifth District in Ormond Beach. In that case, the parties were embroiled in litigation for ten years. 835 So.2d at 294. Defendant Ormond Beach filed a summary judgment motion and the matter was set for hearing. Id. Three days before the scheduled summary judgment hearing, the plaintiff served a notice of voluntary dismissal without prejudice. Id. The trial court recognized the voluntary dismissal and found the pending summary judgment motion moot. Id. The Fifth District affirmed the trial court’s ruling, explaining:
[A]t any time before a hearing on a motion for summary judgment, a party seeking affirmative relief has nearly an absolute right to dismiss his entire action once, without a court order, by serving a notice of dismissal. The only recognized common law exception to the broad scope of this rule is in circumstances where the defendant demonstrates serious prejudice, such as where he is entitled to receive affirmative relief or a hearing and disposition of the case on the merits, has acquired some substantial rights in the cause, or where dismissal is inequitable.
835 So.2d at 295 (citations omitted). As in this case, the defendant in Ormond Beach argued that it had acquired a substantial right in the litigation and that the voluntary dismissal deprived it of the right to recover attorney’s fees pursuant to its offer of judgment. Id. at 296. The district court rejected that argument, concluding that the defendant had not acquired a right to recover fees simply based on the offer of judgment. Id. The court also concluded that the defendant had not acquired a substantial right in the litigation because there was no “conclusive evidence that, absent the voluntary dismissal, a judgment would have been entered in Ormond Beach’s favor on any or all of Citation Mortgage’s pending claims.” Id. Thus, Ormond Beach in fact illustrates why, in this case, the trial court should not have stricken Service Experts’ notice of voluntary dismissal.
This court’s decision in Patterson, 884 So.2d at 178, also illustrates the proper application of the common law exception to a voluntary dismissal. In that case, a lawsuit was referred to nonbinding arbitration pursuant to statute and the arbitrator issued a decision in favor of the defendant. Id. at 179. Under the applicable statute, the arbitration results became final if no party asked for trial de novo. Id. at 180. Neither party timely requested a trial de novo. Id. at 179. Patterson then filed a notice of voluntary dismissal without prejudice, and the defendant responded by filing a motion for entry of a final judgment. Id. The trial court entered a judgment in favor of the defendant and Patterson appealed, arguing that the trial court did not have jurisdiction to enter the judgment because he had filed a notice of voluntary dismissal. Id. This court rejected Patterson’s argument. Id.
We explained in Patterson that under the statute applicable in that case, once the arbitrator had issued a decision, the trial court was required to enforce that decision unless a motion for trial de novo was filed. Id. at 180-81. Because a motion for trial *31 de novo had not been filed, but for the plaintiffs notice of voluntary dismissal, the defendant would have been entitled to a judgment in its favor that would have precluded further litigation of the same subject matter. Id. at 180. Thus we concluded that the case fell within the Ormond Beach common law exception to a plaintiffs right to voluntarily dismiss its case because, by the time the plaintiff filed the notice of voluntary dismissal, the defendant had already acquired substantial rights in the case by virtue of the final arbitration decision and was entitled to disposition of the case on the merits. Id. at 181.
The plain language of rule 1.420 and the decisions in Patterson and Or-mond Beach lead us to the conclusion that the trial court in this case misapplied the common law exception when it found that the mere filing of a motion for summary judgment, offers of judgment, and “convincing”[3] but, nevertheless, bare allegations of fraud created a substantial right that precluded Service Experts from dismissing the case. The Northside defendants could not have acquired a substantial right in the case simply by filing a motion for summary judgment that was never argued because rule 1.420(a) clearly allows a plaintiff to file a notice of voluntary dismissal at any time before a hearing on a motion for summary judgment. Also, the Northside defendants’ request for sanctions under section 57.105, Florida Statutes (2009), filed in response to Service Experts’ complaint, did not vest upon them a right to have sanctions determined or awarded against Service Experts.
Likewise, the Northside defendants’ mere filing of offers of judgment did not confer upon them a substantial right to recover fees or to have the case decided on its merits. See Ormond Beach, 835 So.2d at 296 (“[T]he instant record fails to demonstrate that Ormond Beach had acquired any ‘substantial right’ to recover any offer of judgment attorney’s fees.”). Unlike in Patterson, there is no evidence in this case that, absent Service Expert’s voluntary dismissal, a judgment would have been entered in the Northside defendants’ favor on any or all of Service Experts’ claims.
We also reject the trial court’s preliminary conclusion that the Northside defendants acquired rights in the outcome of this case by their allegations of fraud. Fraud is a ground for striking a notice of voluntary dismissal separate and apart from the common law exception set forth in Ormond Beach. Thus, setting forth bare allegations of fraud is not a basis for striking a notice of voluntary dismissal based on the Ormond Beach common law exception to rule 1.420(a). Notably, the trial court here did not strike the notice of voluntary dismissal based on a determination of fraud. Rather, the court struck the voluntary dismissal based only on the common law exception to a voluntary dismissal, which it found applicable because of the Northside defendants’ filings, together with their allegations of fraud. Therefore, the portion of the trial court’s order stating that the Northside defendants acquired substantial rights in the outcome of the case by alleging fraud erroneously mixed concepts from two separate grounds available to strike a voluntary dismissal on the basis of fraud.
The Northside defendants also argue that they made a sufficient showing of fraud on the court to warrant an evidentia-ry hearing to resolve the fraud allegations.
*32 Only under the right circumstances can fraud allegations support a trial court’s decision to strike a plaintiffs notice of voluntary dismissal. For example, in Select Builders of Florida, Inc. v. Wong, 367 So.2d 1089, 1090 (Fla. 3d DCA 1979), plaintiff Select Builders filed an action to expunge an injunction from the public record and quiet title to a piece of real estate. The trial court granted Select Builders affirmative relief by issuing an order expunging the document from the public record and quieting title. Id. It was later alleged that Select Builders had perpetrated a fraud upon the court in obtaining the order expunging the document. Id. The trial court then vacated its previous order and ordered the parties to preserve the status quo until the fraud allegations were decided. Id. In response to the court’s order, Select Builders filed a notice of voluntary dismissal to prevent the trial court from correcting any error in expunging the document. Id. The trial court struck the notice of voluntary dismissal. Id. The district court approved the decision, explaining: “The plaintiff had obtained the affimiative relief it sought, its actions in the cause in the trial court may have been fraudulent on the court and it certainly was within its inherent power (as an equity court) to protect its integrity.” Id. at 1091 (emphasis added).
Other courts have interpreted the fraud exception to apply where the notice of dismissal itself is considered an attempt to commit fraud on the court. See, e.g., Fitzgerald v. Fitzgerald, 790 So.2d 1216, 1217 (Fla. 2d DCA 2001) (concluding that trial court was required to accept notice of voluntary dismissal where “the trial court made no finding of fraud, and there is no basis in the record to find that the notice constituted a fraud on the court”) (emphasis added); Romar Int’l, Inc. v. Jim Rathman Chevrolet/Cadillac, Inc., 420 So.2d 346, 347 (Fla. 5th DCA 1982) (“A narrow exception [to the plaintiffs right to voluntarily dismiss his lawsuit] exists where a fraud on the court is attempted by the filing of the voluntary dismissal ....”) (emphasis added).
This case is distinguishable from Select Builders and the other cases cited above. The Northside defendants’ allegations of fraud were only related to Service Experts’ filing of two affidavits in response to the Northside defendants’ section 57.105 motion for sanctions. The Northside defendants contend that the two affidavits contained false statements and were filed “to convince the court that [Service Experts] had a good faith basis to file” the lawsuit. Yet, the trial court never ruled on the merits of the Northside defendants’ section 57.105 motion for sanctions, and there is no record evidence that the trial court relied on the two affidavits to confer upon Service Experts any affirmative relief or benefit. The Northside defendants rightfully argued at that time in them reply to Service Experts’ opposition to the section 57.105 motion that “the court should not decide this motion until it has determined which party has prevailed;” Thus, unlike Select Builders, this is not a case where the plaintiff engaged in fraud which resulted in affirmative relief from the court and, upon obtaining that relief, voluntary dismissed the case to prevent the court from taking away the ill-gotten relief. Without evidence of ill-gotten relief connected to the fraud allegations, the Northside defendants’ allegations were insufficient to support striking the notice of voluntary dismissal on the basis of fraud.
The Northside defendants specifically assert that without the two allegedly fraudulent affidavits there were no disputed issues of fact in the case. That statement understates the parties’ dispute and overstates the substance of the affidavits. *33 While the court denied the Northside defendants’ motion for summary judgment without discussion the same day that it struck Service Experts’ notice of voluntary dismissal, it never stated that it had relied on the two affidavits to deny the motion for summary judgment. Further, the limited record before us reflects a heavily contested case in many respects. The two affidavits at issue touched on only some aspects of the parties’ dispute. Without making any determination on the merits, we note that while some of the statements contained in the affidavits apparently contradict other statements in the litigation, they did not impact all of the plaintiffs claims. For example, the Northside defendants alleged that paragraph 8 of witness Patrick Lindsay’s affidavit falsely asserted that defendant Eric Zinkann had solicited him to work for Northside Air Conditioning. In deposition, Mr. Lindsay testified that paragraph 8 of the affidavit was inaccurate because it was defendant Anthony “Tony” White, not Zinkann, who had solicited him. This inaccuracy does not change Service Experts’ allegation that the defendants improperly solicited its employees prior to and subsequent to leaving Service Experts’ employment; it only changes the players allegedly involved. We have also examined the trial court’s subsequent order rejecting the Northside defendants’ fraud allegations after an evi-dentiary hearing and that order is consistent with our conclusions.[4]
Finally, the Northside defendants argue that it would be inequitable to allow Service Experts to dismiss the action without prejudice because allowing a voluntary dismissal would unfairly prevent the Northside defendants from clearing their names in the business community, preclude them from obtaining attorney’s fees pursuant to their previously filed offers of judgment, and “muddy the waters” in their malicious prosecution action against Service Experts.[5] Unfortunately, these are common consequences of litigation which are encountered by many defendants, and rule 1.420 does not provide relief for such grievances. For better or for worse, unless the line drawn by rule 1.420(a) is crossed, its plain language allows a plaintiff to dismiss its action virtually at will. As we have noted, this line is very narrow and none of the exceptions preventing dismissal existed in this case. Needless to say, any attempts to broaden the line set forth by the rule allowing voluntary dismissal must come from the supreme court, which is exclusively empowered to make rule changes.
While we sympathize with the Northside defendants’ frustration and dissatisfaction with the current remedy of dismissal without prejudice and with their apparent decision to prosecute a separate malicious prosecution action against Service Experts, the fact that the court and the defendants have devoted substantial resources to the case is, by itself, insufficient inequity to strike a notice of voluntary dismissal. See, e.g., Perez v. Winn-Diode, 639 So.2d 109, 112 (Fla. 1st DCA 1994) (“[W]e reject E/C’s request that we recognize and engraft an exception to the general voluntary dismissal rule, i.e., one that recognizes the inconvenience to the trier of fact and opposing counsel which is posed by a late notice of dismissal.”). In conclusion, under the circumstances of this case, the trial court on remand must vacate its reinstatement order.
*34 Petition granted, order quashed, and case remanded with directions to dismiss.
NORTHCUTT and MORRIS, JJ., Concur.

. Subsequent to the filing of this appeal, apparently based on the language in the court’s order, the trial court held an evidentiary hearing on the fraud allegations. The court concluded that the Northside defendants had not established that Service Experts committed a fraud on the court. The parties have not stipulated to whether the trial court's ruling should render moot the fraud aspect of this appeal; neither have they raised any objection to the postappeal proceedings conducted by the trial court. Thus, we address the fraud issue raised on appeal only as it relates to the preappeal unruled-upon allegations of fraud.

. Service Experts cited Miller v. Fortune Insurance Co., 484 So.2d 1221 (Fla.1986), as authority for this court to consider this matter on direct appeal. In Miller, the supreme court stated, in relevant part: "The respondent here argues that a notice of voluntary dismissal does not fall within rule 1.540.... Surely, a voluntary notice of dismissal is something, it doesn't exist in limbo. We conclude that it is indeed a 'proceeding.' " Id. at 1224. Because of the marked factual differences between this case and Miller, we are concerned that the supreme court's pronouncement in that case is not applicable to the facts of this case. Considering this appeal as a prohibition avoids the necessity of extending Miller's holding and, in any event, prohibition provides efficacious review without engaging in a case-by-case analysis.

. While the trial court referred to the allegations as "convincing,” based on the record we interpret this only to mean that the court viewed the allegations as sufficient to merit an evidentiary hearing, but they remained bare allegations.

. Service Experts filed a copy of that order with this court, without objection, as supplemental authority.

. We note that the Northside defendants did not file a counterclaim in this action and that it appears that no malicious prosecution action has yet been filed.