DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**IBERIABANK,** a Louisiana State Bank,
Petitioner,

v.

**RHN INVESTMENTS, LTD.,** a Florida limited partnership, **RHN INVESTMENTS, INC.,** a Florida corporation, **RAYMOND H. NORDINE,**
an individual,
Respondents.

No. 4D14-1330

[July 30, 2014]

Petition for writ of prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gregory M. Keyser, Judge; L.T. Case No. 502012CA017685XXXMB.

Cristine M. Russell, Adrian Rust, Scott J. Kennelly and Timothy D. Hedrick of Rogers Towers, P.A., Jacksonville, for petitioner.

Eric A. Lanigan, Winter Park, for respondents.

PER CURIAM

Iberiabank, a Louisiana State Bank, petitions for a writ of prohibition to prevent the trial court from ruling on the borrowers' motion to determine the reasonableness of the bank's attorney's fees. We agree with the bank that the trial court lost jurisdiction when the bank voluntarily dismissed its foreclosure action.

The bank sued the borrowers, RHN Investments, Ltd., RHN Investments, Inc., and Raymond H. Nordine, to foreclose on real property following a breach of three commercial loans. Two short sales of the property occurred while the foreclosure action was pending. After the first sale, in accordance with the loan agreements, the bank applied the proceeds to costs and expenses first, accrued interest, and then to payment of the principal owed on the loans. Prior to the final sale, the borrowers requested and the bank provided detailed payoff figures, which included the amounts of attorney's fees billed and fees incurred, but not

billed yet. The borrowers objected to the amount of fees without a determination from the trial court but paid the full payoff amount so that the bank would release its liens on the property. The borrowers alleged that they paid the fees under duress because they were afraid of losing their buyer.

After receiving the full payoff amount, the bank voluntarily dismissed its action. Thirty days later, the borrowers filed a Motion to Determine Attorney Fees asking the court to determine the amount of attorney's fees to which the bank was entitled. The borrowers complained the bank had unilaterally set its fees without a judicial determination and the fees were exorbitant and unreasonable.

The bank moved to strike the motion arguing that the court no longer had jurisdiction. At a hearing on the bank's motion, the borrowers argued the court had authority to hear their motion pursuant to Florida Rule of Civil Procedure 1.525. The court subsequently denied the motion to strike, and the borrowers' Motion to Determine Attorney Fees is deferred pending an evidentiary hearing.

The trial court lost jurisdiction when the bank filed its notice of voluntary dismissal. *See Pino v. Bank of N.Y.*, 121 So. 3d 23 (Fla. 2013). The borrowers did not have an affirmative claim for relief pending when the notice was filed. Rule 1.525 does not apply because the borrowers' motion was not seeking a judgment to tax fees or costs. The borrowers have not shown that there is any other exception to the trial court's loss of jurisdiction.

Prohibition is an appropriate remedy. *Serv. Experts, LLC v. Northside Air Conditioning & Elec. Serv., Inc.*, 56 So. 3d 26 (Fla. 2d DCA 2010); *Tobkin v. State*, 777 So. 2d 1160, 1163 (Fla. 4th DCA 2001).

As a result, we grant the petition for writ of prohibition.

DAMOORGIAN, C.J., WARNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2