DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREGG E. ACKERMAN,**
Appellant,

v.

**HMC ASSETS, LLC, SOLELY IN ITS CAPACITY AS SEPARATE
TRUSTEE OF CAM XVIII TRUST,** and **US BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE RMAC TRUST
SERIES 2013-IT,**
Appellees.

No. 4D21-1942

[May 4, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502009CA039355.

Margery E. Golant of Margery E. Golant, P.A., Boca Raton, for appellant.

Ashland R. Medley of Ashland Medley Law, PLLC, Coral Springs, for appellee HMC Assets, LLC, solely in its capacity as separate trustee of CAM XVIII Trust.

PER CURIAM.

We reverse the trial court's order dismissing the underlying actions, because the trial court denied appellant due process by not providing him with an opportunity to be heard before the dismissal.

A bank filed a foreclosure action against appellant. Appellant filed a counterclaim against HMC Assets, the current plaintiff, and a third-party complaint against US Bank, a predecessor plaintiff. HMC Assets moved for an order dismissing all actions, claiming the parties had reached a settlement but that appellant had failed to sign it. HMC Assets did not include a copy of the settlement with its motion.

The next day, without conducting a hearing or affording appellant an opportunity to respond, the trial court granted the motion and entered an order dismissing the foreclosure action, counterclaim, and third-party

claim with prejudice. Appellant immediately moved for reconsideration, acknowledging that a settlement was reached but alleging that the servicer had not complied with its terms. As part of his request for relief, appellant asked that the trial court reserve jurisdiction to enforce the settlement. The trial court entered an order denying the motion, but also stating that the parties should set a fifteen-minute hearing on the motion.

"A trial court's dismissal of a claim with prejudice is reviewed *de novo.*" *Larkin v. Buranosky*, 973 So. 2d 1286, 1287 (Fla. 4th DCA 2008). Whether a trial court has complied with the guarantees of due process is reviewed de novo. *VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs.,* 68 So. 3d 997, 999 (Fla. 4th DCA 2011). Due process requires that a party be given a real opportunity to be heard and defend in an orderly procedure before judgment is rendered against him. *Id.*

We find that the trial court denied appellant due process by not providing him an opportunity to be heard. The trial court granted the motion to dismiss only one day after HMC Assets filed its motion without affording appellant an opportunity to respond and without conducting a hearing. Instead, the trial court relied on the allegations in the motion, which appellant contested. Additionally, the settlement was not attached to the motion and was not signed by appellant. Accordingly, we reverse and remand for the trial court to allow appellant a reasonable opportunity to respond to the motion to dismiss and be given an opportunity to be heard at a hearing on the issues in dispute.

*Reversed and remanded with instructions.*

WARNER, LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2