MORRIS, Judge.
Soares Da Costa Construction Services, LLC (SDC), appeals a final judgment and amended final judgment confirming an arbitration award and determining that Tarragon Development Corporation was entitled to attorneys’ fees pursuant to section 713.29, Florida Statutes (2006), as the pre *1173 vailing party on a claim of lien which was factually intertwined with the arbitration proceedings between the parties. SDC argues in part that because it voluntarily dismissed its claim of lien action, the trial court was divested of jurisdiction to confirm the arbitration award and, therefore, that Tarragon could not be deemed a prevailing party for purposes of attorneys’ fees. For the reasons set forth below, we reject that argument and affirm the final judgment and amended final judgment. We reject SDC’s other arguments without comment.
I. Background
In August 2003, SDC entered into a contract with Tarragon to construct Alta Mar Condominium, a multifamily residential, high-rise condominium in Fort Myers, Florida. Following numerous contractual disputes between the parties, SDC recorded a claim of lien against the property in June 2006. Pursuant to the contract, SDC then served a demand for arbitration against Tarragon. In response, Tarragon filed a counterdemand in the arbitration against SDC for breach of contract and against its surety, Insurance Company of the State of Pennsylvania (ICSP), for breach of the performance bond issued to secure SDC’s performance. Thereafter, in June 2007, SDC filed a circuit court action to foreclose on SDC’s claim of lien.
The principal allegation of SDC’s claim of lien was that Tarragon breached the contract by not paying SDC in full. Because the contract contained an arbitration provision, SDC and Tarragon stipulated in July 2007 to stay the lien foreclosure action so that they could arbitrate the issues raised in the complaint. Specifically, the parties stipulated that “SDC ... and Tarragon Development Corporation are currently engaged in an arbitration before the American Arbitration Association ... involving the issues set forth in the Complaint.”
Ultimately, Tarragon prevailed in the arbitration proceedings and was awarded $1.925 million against SDC. The arbitration award specifically pronounced Tarragon to be the prevailing party on claims between SDC and Tarragon.[1] SDC moved in the lien foreclosure action to vacate the arbitration award, and thereafter, Tarragon served its response in opposition to the motion to vacate as well as a motion to confirm the arbitration award. In its motion to confirm the arbitration award, Tarragon sought prevailing party attorneys’ fees pursuant to section 713.29 as well as the discharge of SDC’s lien. Two months later, SDC served its notice of voluntary dismissal of the claim of lien action. Despite SDC’s voluntary dismissal, the trial court entered its final judgment in favor of Tarragon, therein confirming the arbitration award, discharging SDC’s lien, and finding that Tarragon was entitled to attorneys’ fees. An amended final judgment followed which did not alter the trial court’s finding that Tarragon was entitled to attorneys’ fees.
II. Analysis
We have confined our discussion to SDC’s second argument on appeal which it frames as one of whether the trial court lacked jurisdiction to confirm the arbitration award due to SDC’s notice of voluntary dismissal. As a result, SDC asserts that we must conduct a de novo review. However, we believe the issue is more properly framed as whether SDC could voluntarily dismiss its claim of lien action in order to divest the trial court of juris *1174 diction to confirm the arbitration award. In addressing that issue, we are mindful that “[u]nder Florida law, arbitration is a favored means of dispute resolution and courts indulge every reasonable presumption to uphold proceedings resulting in an award.” Miele v. Prudential-Bache Sec., Inc., 656 So.2d 470, 473 (Fla.1995) (citing Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 281 (Fla.1988)).
SDC’s argument that it had a right to voluntarily dismiss its claim of lien action and therefore divest the trial court of jurisdiction to confirm the arbitration award is flawed in two respects. First, while we acknowledge that a plaintiff has the right to voluntarily dismiss its civil court action pursuant to Florida Rule of Civil Procedure 1.420(a), that right is not without limitations. For example, a counterclaim filed prior to a voluntary dismissal is unaffected by such a dismissal where it can remain pending for an independent adjudication, and a trial court is not divested of jurisdiction to hear and resolve the counterclaim. See rule 1.420(a)(2). Here, Tarragon prevailed on its counterclaim in the arbitration proceedings and its motion to confirm the award with the trial court must be treated in exactly the same manner. That is, Tarragon’s motion to confirm the award on its arbitration counterclaim acted as a counterclaim in the claim of lien action once the motion to confirm was filed and served. To ignore the fact that Tarragon’s motion to confirm the award on its counterclaim was pending would be the antithesis of “indulg[ing] every reasonable presumption to uphold [the arbitration] proceedings.” Miele, 656 So.2d at 473; see also Murphey v. Dean Witter & Co., 392 So.2d 286, 286 (Fla. 4th DCA 1980) (Anstead, J., specially concurring) (recognizing that appellant originally sought enforcement of arbitration award but later voluntarily dismissed her action after appellee filed its counterclaim, but explaining that courts generally favor upholding arbitration proceedings which have resulted in an award (citing Knight v. H.S. Equities, Inc., 280 So.2d 456 (Fla. 4th DCA 1973))).
Second, the parties stipulated to a stay of the claim of lien action while the arbitration proceedings were pending with the explicit recognition that the issues raised in the arbitration proceedings were the same issues underlying SDC’s complaint. This is important because there is a common law exception to the rule that a voluntary dismissal deprives a court of jurisdiction where a defendant demonstrates serious prejudice if the dismissal is upheld. See Ormond Beach Assocs. Ltd. v. Citation Mortg., Ltd., 835 So.2d 292, 295 (Fla. 5th DCA 2002). Serious prejudice includes situations where the defendant “is entitled to receive affirmative relief or a hearing and disposition of the case on the merits, has acquired substantial rights in the cause, or where dismissal is inequitable.” Id.
This court, in Patterson v. Allstate Insurance Co., 884 So.2d 178, 179 (Fla. 2d DCA 2004), dealt with a similar situation as that presented in the instant case: an arbitration award was entered in favor of the defendant and the trial court entered a judgment thereon after the plaintiff filed a notice of voluntary dismissal. The plaintiff also raised the same argument that SDC raises here: that the trial court lacked jurisdiction to enter the judgment due to the voluntary dismissal. See id. There, the issue was whether the plaintiffs failure to timely seek a trial de novo affected the defendant such that the plaintiffs voluntary dismissal was subject to the common law exception. Id. at 180. We specifically found that that factual scenario fell “within the exception recognized in Ormond Beach where the parties have acquired ‘substan *1175 tial rights in the cause’ and are entitled to a ‘disposition of the case on the merits.’ ” Id. at 181 (quoting Ormond Beach, 835 So.2d at 295).
Although in this case SDC moved to vacate the arbitration award within the time period allowed and, therefore, timeliness is not the basis for our determination that Tarragon acquired substantial rights in the cause,[2] we nonetheless believe the same principle applies. SDC has not challenged the trial court’s denial of its motion to vacate the arbitration award. Thus, once Tarragon prevailed on its counterclaim in the arbitration proceedings, it acquired substantial rights in the cause and a voluntary dismissal of the action would be inequitable. Indeed, by virtue of the stipulation between the parties that the issues underlying the complaint in the claim of lien action were also the issues involved in the arbitration, the parties each attached some level of importance to the determination of the issues by the arbitration panel. Our affirmance then not only is in conformance with the directive to “indulge every reasonable presumption to uphold [the arbitration] proceedings,” Miele, 656 So.2d at 473, but it also serves as recognition of the importance placed on the issues by the parties themselves, i.e., that the prevailing party in the arbitration proceedings acquired substantial rights in the cause.
Accordingly, we hold that the trial court properly confirmed the arbitration award and we affirm.[3]
Affirmed.
ALTENBERND and NORTHCUTT, JJ., Concur.

. Although not pertinent to this appeal, we note that Tarragon did not prevail against ICSP.

. We find it interesting, however, that SDC did not file its notice of voluntary dismissal until two months after Tarragon served its motion to confirm the arbitration award. There is at least an argument that the notice could be deemed a fraud on the court, which would also be grounds to preclude a voluntary dismissal, though we make no such finding in this case. See Serv. Experts, LLC v. Northside Air Conditioning & Elec. Serv., Inc., 56 So.3d 26, 32 (Fla. 2d DCA 2010) (noting other decisions interpreting fraud exception to be applicable where notice of voluntary dismissal is considered attempt to commit fraud on the court).

. Our affirmance of the trial court’s confirmation of the arbitration award should only be viewed as definitive on the issue of Tarragon’s entitlement to attorneys’ fees. Our disposition should in no way be deemed determinative of whether any of the fees in the arbitration proceeding should be regarded as fees in the claim of lien action.