CORTIÑAS, J.
Appellants, 13 Parcels, LLC, 46 NE 10th, LLC, 44 NW 11th LLC, 700 NE 1st, LLC, (collectively “appellant entities”) and Arthur Falcone (“Falcone”), were defendants in separate foreclosure actions by IberiaBank (“Iberia Lawsuits”).[1] The Iberia Lawsuits were premised upon notes that had been executed by each of the appellant entities and were each secured by a mortgage on a specific property. Falcone[2] and appellee, Edie Laquer (“La-quer”), executed personal guarantees in conjunction with each of the notes. La-quer is the manager of Ladies and Gentlemen, LLC (“L & G”) and asserts L & G has a 10% ownership interest in each of the appellant entities. L & G and Laquer were also named defendants in the Iberia Lawsuits.
After receiving motions for default filed by IberiaBank on each of the Iberia Law *379 suits, Laquer’s counsel sent an email to appellants’ counsel demanding that the appellants “immediately undertake the defense of [the Iberia Lawsuits] on behalf of the borrowers,” which included both La-quer and L & G. On July 29, 2011, two days after receiving the demand from La-quer and L & G, the appellants filed a demand for arbitration in accordance with the arbitration provision found in the operating agreement of each of the appellant entities. The demand for arbitration identified the nature of the dispute as a “[request for declaration of the [appellants’] contractual obligations, if any, to the respondent LLCs. See Exhibit A.”[3] Exhibit A to the demand for arbitration specifically set forth the “Relief Sought”:
30. Claimants seek a declaration of whether, under Florida statutory or common law, they are obligated to defend the foreclosure proceedings, as Respondent Laquer demanded, even though, as Laquer acknowledges, the LLCs have no assets, income or liquidity-
31. Should the arbitrator declare that the LLCs are not obligated to defend the foreclosure proceedings, Claimants request that the arbitrator enter an award against Respondents for the Claimants’ arbitration costs, as well as their reasonable attorneys’ fees and costs.
Appellees opposed the arbitration proceeding and, approximately two months later, filed their answers and affirmative defenses to the Iberia Lawsuits and asserted a cross-claim in each case against the respective appellant entity and Falcone. The appellants did not file answers to their respective complaints and default judgments were entered against each of them on December 1, 2011. The appellants subsequently filed motions to dismiss the cross-claims, compel arbitration and stay further proceedings on the cross-claims (“Motions to Compel”). Following a hearing, the trial court denied the motions. We reverse.
We review the denial of the motions to compel arbitration de novo. The Hillier Grp., Inc. v. Torcon, Inc., 932 So.2d 449 (Fla. 2d DCA 2006). The sole issue we address on appeal was the only issue before the trial court: Must the parties arbitrate the matter “of whether, under Florida statutory or common law, [the appellants] are obligated to defend the foreclosure proceedings, as [the appellees] demanded.... ” The operating agreements of the appellant entities each contain the following arbitration provision:
13.1 Dispute Resolution. In the case of any dispute between the parties which has not been resolved through negotiation between the parties, such dispute shall be settled and determined through arbitration in accordance with the Rules of Commercial Arbitration of the American Arbitration Association (“AAA”). Any arbitration pursuant to this Agreement shall be held in Palm Beach, Florida, and shall be conducted by a single arbitrator to be selected by other arbitrators, one of whom shall be selected by each Member. The written decision of the arbitrator so selected shall be binding, final, and conclusive on the parties. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The fees and expenses shall be part of the award. The prevailing party in any arbitration shall recover its expenses and costs in- *380 eluding reasonable attorney’s fees from the other party.
(Emphasis added).
The appellees argued to the trial court that prior and existing litigation between the appellants and appellees constituted a waiver of the right to arbitrate under the operating agreements. We disagree. The appellants seek only a declaration of the contractual duty to defend they owe, if any, to the appellees under the operating agreements and as they pertain to the Iberia Lawsuits. The appellees place particular emphasis on the lawsuit styled Laguer, et al. v. Falcone, Case No. 08-11213 CA 20, presently pending in the circuit court (“Joint Venture Lawsuit”). While the appellants are all named defendants in the Joint Venture Lawsuit, we note that there, in the pertinent counts, appellees were seeking a declaratory judgment as to their equity interests in the appellant entities and other subsequently-formed entities, as well as damages for breach of an alleged oral agreement also related to the purported equity interests. There is nothing in the record to suggest that the issue of whether the appellants owed a duty to defend the appellees in the Iberia Lawsuits has been raised or addressed in the Joint Venture Lawsuit or in any of the other litigation matters.
It is well-established that the contractual right to arbitrate can “be waived by actually participating in a lawsuit or taking action inconsistent with that right.” Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005) (citing Klosters Reden A/S v. Arison Shipping Co., 280 So.2d 678, 680 (Fla.1973)). The record discloses no action taken by the appellants in the Iberia Lawsuits that is inconsistent with the right to arbitrate. Appellants filed a motion to dismiss the appellees’ cross-claim and compel arbitration; however, doing so did not constitute a waiver of the contractual right to arbitrate their claims. See Hirschfeld v. Crescent Heights, X, Inc., 707 So.2d 955 (Fla. 3d DCA 1998).
The appellees also argue here, as they did below, that a motion to transfer filed by the appellants was sufficient to waive the right to arbitrate. Again, we disagree. The record demonstrates that the appellants and several related entities attempted to transfer all of the related pending litigation cases, including the Joint Venture Lawsuit, to the same civil division. However, although the motion to transfer references the Iberia Lawsuits, it specifically provides that the appellants are
NOT taking the position that the AAA should relinquish jurisdiction of the Arbitration Proceeding or requesting this Court transfer the Arbitration proceeding to the Complex Business Division. Falcone is merely advancing the position that should an award be rendered, it be adopted in a judgment to be entered by the same judge who has the responsibility to administer the balance of these complex matters.
As we have previously held, “[tjhere is ... a strong public policy favoring arbitration. ‘All questions concerning the scope or waiver of the right to arbitrate under contracts should be resolved in favor of arbitration rather than against it.’ ” Zager Plumbing, Inc. v. JPI Nat’l Constr., Inc., 785 So.2d 660, 662 (Fla. 3d DCA 2001) (internal citations omitted). The appellants filed their demand for arbitration before filing their motion to transfer. Moreover, the motion to transfer, while specifically referencing the Iberia Lawsuits, did so, on its face, to advise the trial court of the pending demand for arbitration and for the logical purpose of ensuring that in the event the pending litiga *381 tion cases were transferred to the same division, any potential arbitration award be adopted by trial judge ultimately presiding over the other cases. This is simply insufficient to constitute a waiver of the right to arbitrate.
Appellees are unable to identify any action taken by the appellants in the Iberia Lawsuits that is inconsistent with the intent to arbitrate and are likewise unable to demonstrate that the appellants’ participation in the Joint Venture Lawsuit, or any of the other pending or prior lawsuits, waived the contractual right to arbitrate an issue that arose for the first time in relation to the Iberia Lawsuits. Accordingly, we reverse the trial court’s orders denying the Motions to Compel and remand for further proceedings consistent with this opinion.[4]
Reversed and remanded.

. The loans were originally obtained from Orion Bank, who initiated the original actions in the trial court. IberiaBank is the successor to Orion Bank.

. Appellees have alleged that Falcone owns a majority interest in the appellant entities and has de facto control over the appellant entities.

. Although the demand for arbitration referenced the "respondent LLCs,” the respondents were identified as "Edie Laquer, individually, and as Ladies & Gentlemen, LLC.”

. At oral argument, the appellees argued for the first time that the appellants had waived their right to arbitrate by filing a counterclaim in the Joint Venture Lawsuit which affirmatively relied upon the operating agreements. Because this was an appeal from a non-final order, the only record before us is comprised of the appendices filed by the parties, which do not contain the purported counterclaim. This issue was not before the trial court and was not raised in the answer brief. Accordingly, we do not take the purported counterclaim into consideration.