SALTER, J.
These are consolidated appeals from non-final orders denying the appellants’ motions to compel arbitration of claims asserted in the appellees’ second and third amended complaints. We dismiss as moot *1172 the appeal taken from the order relating to the second amended complaint.[1] We affirm the trial court’s order relating to the third amended complaint, and we provide this opinion simply to clarify that we have not in any way receded from our prior opinion requiring arbitration of certain specific cross-claims in four foreclosure cases, as detailed in 13 Parcels LLC v. Laquer, 104 So.3d 377 (Fla. 3d DCA 2012).

Parties and Claims

The underlying circuit court case (the “Joint Venture Lawsuit”) was brought by the appellees, Edie Laquer and two Florida companies controlled and managed by her (collectively, “Laquer”), against appellants, Palm Beach developers Arthur Fal-cone and Marc Roberts and some thirty-six companies controlled by them (collectively, “Developers”). The claims by La-quer arise out of work with the Developers to assemble a multi-million dollar, twenty-five acre parcel of real estate on the northern edge of downtown Miami for the “Miami WorldCenter” project. Miami World-Center was to include office, retail, hotel, and residential space as a “city within a city.”
Laquer’s third amended complaint in the Joint Venture Lawsuit alleges that in 2005 she, Falcone, and Roberts, for themselves and their respective limited liability companies, formed a partnership to assemble and develop the Miami WorldCenter. Under the alleged agreement, a discrete limited liability company (LLC) would be formed to acquire each of the component parcels of real estate assembled for the project, and Laquer was to have the right to acquire up to a ten percent interest in each such LLC. Laquer alleges that she was also entitled to acquire up to a five percent interest in additional LLCs that would be formed by the Developers to develop the project on the component parcels.
During 2005 and 2006, the third amended complaint alleges, six parcels were acquired in the name of Florida LLCs as contemplated by the partnership agreement. Laquer allegedly contributed 10% of the financial capital to the respective LLCs, which also obtained institutional mortgage loans from two banks. The banks required personal guarantees from Laquer and the other principals in the project. As to these six entities, detailed written LLC operating agreements for the entities were prepared and executed by Laquer’s company and the Roberts entity formed to hold his interest in that particular parcel. A “dispute resolution” provision in each of these LLC operating agreements specified: “In the case of any dispute between the parties which has not been resolved through negotiation between the parties, such dispute shall be settled and determined through arbitration in accordance with the Rules of Commercial Arbitration of the American Arbitration Association (‘AAA’).”[2]
Other contract and option rights to acquire parcels, however, did not progress to the point that operating agreements were provided to Laquer for the LLCs intended to acquire the additional parcels. As to *1173 those parcels and anticipated additions to the WorldCenter project and partnership, therefore, the appellees maintain that the disputes were not subject to an arbitration provision.

The Prior Appeal

The six LLCs which acquired parcels and arranged for signed LLC operating agreements defaulted on their bank loans. Laquer and members of two of the LLCs ultimately settled their disputes regarding the loan defaults and the defense of the member/guarantors in two of the six foreclosure cases. Laquer asserted claims against the other four LLCs and their members in two different ways: (1) in the bank foreclosure cases, Laquer asserted cross-claims against the LLCs for failing to provide a defense to her in those cases, and (2) in the separate Joint Venture Lawsuit, she included those LLCs as part of a claim for a declaration of her equity interests and for damages for breach of the WorldCenter partnership agreement.
Those four LLCs[3] and Falcone moved to compel arbitration of the “duty to defend” cross-claims based on the dispute resolution provisions of the LLC operating agreements. The trial court denied the motion, finding that the LLCs and Falcone had waived their right to demand arbitration by participating in the foreclosure lawsuits and the Joint Venture Lawsuit.
On appeal, we reversed. 13 Parcels LLC, 104 So.3d 377. We held that the arbitration provision in the operating agreements controlled the “duty to defend” cross-claims in the four foreclosure cases, and that actions taken in the continuing Joint Venture Lawsuit did not constitute a waiver of the cross-claim defendants’ right to demand arbitration in the four separate foreclosure suits. Id. at 380. We did not consider or decide whether the arbitration provisions in the four operating agreements then before us would mandate arbitration of any other dispute or claim asserted in the third amended complaint in the Joint Venture Lawsuit.
Thereafter, the defendants in the Joint Venture Lawsuit moved to compel arbitration in that case. The trial court denied the motion, and this appeal followed.

Analysis

The trial court’s ruling must be affirmed for two independently sufficient reasons. First, the Joint Venture Lawsuit is a much larger ease that includes claims, parties, and alleged agreements that are not governed by written dispute resolution provisions. As summarized in Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999):
Under both federal statutory provisions and Florida’s arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.
With respect to the remaining claims under the Joint Venture Lawsuit (which do not include the “duty to defend” cross-claims in the four separate foreclosure cases), there is no valid written agreement to arbitrate those remaining claims.
Second, any limited right to arbitrate under the four LLC operating agreements (regarding only four of the thirty-seven defendants in the Joint Venture Lawsuit) was waived by the filing of the defendants’ motion to dismiss and memo- *1174 randa, the discovery sought and provided, the motion for summary judgment, and the counterclaims against the plaintiffs, all of which are inconsistent with the alleged right to compel arbitration. Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707 (Fla.2005).
We thus affirm the trial court’s order denying the defendants’ motion to compel arbitration regarding the third amended complaint in the Joint Venture Lawsuit (Case No. 3D13-2122). We dismiss as moot the appellants’ earlier and separate appeal from the trial court order denying their motion to compel arbitration of the claims set forth in the second amended complaint in the Joint Venture Lawsuit (Case No. 3D13 — 490). This opinion does not in any way affect the prosecution of the arbitration claims between Laquer and the four LLCs on the “duty to defend” claims and as described in our 13 Parcels LLC opinion.
Affirmed.

. Case No. 3D13-490 became moot when the third amended complaint was filed. We therefore dismiss that case. See, e.g., Vanderberg v. Rios, 798 So.2d 806, 807 (Fla. 4th DCA 2001). Case No. 3D13-2122 is an appeal from the circuit court’s denial of a motion to compel arbitration of the claims set forth in the appellees’ third amended complaint in the Joint Venture Lawsuit.

. The dispute resolution provision contained additional details regarding the selection of the single arbitrator, confirmation of any award, and the recovery of attorney’s fees and costs by the prevailing party.

. The four LLCs involved in these foreclosures were 13 Parcels LLC; 46 NE 10th LLC; 44 NW X 1th LLC; and 700 NE 1st LLC.