# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-477
Lower Tribunal No. 10-53254
_____


**Truly Nolen of America, Inc.,**
Appellant,

vs.

**King Cole Condominium Association, Inc.,**
Appellee.


An Appeal from a non-final order of the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Marlow, Adler, Abrams, Newman & Lewis, and Rosemary Wilder, for appellant.

Cardillo Law Firm, and Peter M. Cardillo (Tampa), for appellee.


Before ROTHENBERG, LAGOA, and EMAS, JJ.

ROTHENBERG, J.

Truly Nolen of America, Inc. ("Truly Nolen") appeals a trial court order finding that it waived its right to compel arbitration by filing a motion to transfer venue based on forum non conveniens while simultaneously filing a motion to compel arbitration. Because the actions taken by Truly Nolen were not inconsistent with its right to enforce the mandatory arbitration clause in the parties' contract, we reverse and remand for further proceedings.

Truly Nolen entered into a contract with King Cole Condominium Association, Inc. ("King Cole") to provide pest control services for King Cole. King Cole became dissatisfied with Truly Nolen's performance of services and filed a lawsuit against Truly Nolen in Hillsborough County alleging breach of contract and violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). As its first action in the litigation, Truly Nolen filed a Motion to Dismiss and/or Stay Second Amended Complaint, which argued that: (1) the case should be transferred to Miami-Dade County under the doctrine of forum non conveniens and Florida Rule of Civil Procedure 1.060(b); and/or (2) the case should be stayed and sent to arbitration based on a mandatory arbitration clause in the parties' contract.

The Hillsborough trial court held a hearing on Truly Nolen's motion, at which Truly Nolen appeared and affirmatively argued both portions of its motion. The Hillsborough trial court entered an order transferring the case to Miami-Dade

County, and the Second District Court of Appeal affirmed that ruling without opinion. King Cole Condo. Ass'n v. Truly Nolen of Am., Inc., 43 So. 3d 51 (Fla. 2d DCA 2010) (table).

After the case was transferred to the Miami-Dade Circuit Court, Truly Nolen again moved to compel arbitration based on a clause in the parties' contract. King Cole opposed the motion to compel arbitration by filing a memorandum in opposition to the motion, arguing that: (1) the arbitration clause relied on by Truly Nolen was not included in the agreement King Cole signed and was therefore invalid; (2) Truly Nolen waived its right to compel arbitration by affirmatively and successfully arguing for a transfer of venue in the Hillsborough trial court; and (3) enforcing the arbitration clause would deprive King Cole of certain statutory remedies under FDUTPA based on the Florida Supreme Court's decision in Shotts v. OP Winter Haven, Inc., 86 So. 3d 456 (Fla. 2012).

The Miami-Dade trial court conducted a hearing on the motion to compel arbitration and found that Truly Nolen had waived its right to compel arbitration by taking a position inconsistent with that right in the Hillsborough trial court. The Miami-Dade trial court accordingly denied Truly Nolen's motion to compel arbitration based on its waiver of that right, but specifically and expressly did not reach the other two issues raised in King Cole's memorandum in opposition to the motion. This non-final appeal followed.

3

"'A court must compel arbitration where an arbitration agreement and an arbitrable issue exists, and the right to arbitrate has not been waived.'" Miller & Solomon Gen. Contractors, Inc. v. Brennan's Glass Co., 824 So. 2d 288, 290 (Fla. 4th DCA 2002) (quoting Gale Grp. v. Westinghouse Elec. Corp., 683 So. 2d 661, 663 (Fla. 5th DCA 1996)); see also Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999) ("[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived."). The only issue before us on appeal is whether Truly Nolen waived its right to compel arbitration—a determination we make de novo because the underlying facts are undisputed. Mora v. Abraham Chevrolet-Tampa, Inc., 913 So. 2d 32, 33-34 (Fla. 2d DCA 2005) (holding that a trial court's ruling on a motion to compel arbitration when the facts are undisputed is reviewed de novo); see also 13 Parcels LLC v. Laquer, 104 So. 3d 377, 379 (Fla. 3d DCA 2012).

The waiver of a contractual right requires the "voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right." Raymond James Fin. Servs., Inc. v. Saldukas, 896 So. 2d 707, 711 (Fla. 2005). In the context of a party's right to compel arbitration, "[t]he essential question is whether, under the totality of the

circumstances, the defaulting party has acted inconsistently with the arbitration right." Id. (quoting Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C. Cir. 1987)).

Florida courts have routinely held that a party's active participation in a lawsuit (including filing a lawsuit, filing an answer that does not assert the right to arbitrate, moving for summary judgment, or conducting discovery) is inconsistent with the right to compel arbitration. See Green Tree Servicing, LLC v. McLeod, 15 So. 3d 682, 687-88 (Fla. 2d DCA 2009), and cases cited therein. However, Florida courts have also routinely held that the filing of pre-answer motions, particularly when filed simultaneously with the motion to compel arbitration, does not waive the right to compel arbitration. See, e.g., 13 Parcels, 104 So. 3d at 380 (finding that a party who filed a motion to transfer venue after demanding arbitration had not waived the right to compel arbitration); Houchins v. King Motor Co. of Fort Lauderdale, Inc., 906 So. 2d 325, 328 (Fla. 4th DCA 2005) (finding no waiver when the defendant filed a motion to dismiss for failure to state a cause of action and then filed its motion to compel arbitration); Hirschfeld v. Crescent Heights, X, Inc., 707 So. 2d 955, 956 (Fla. 3d DCA 1998) (filing of motion to dismiss and then motion to compel arbitration did not waive right to arbitration); Graham Contracting Inc. v. Flagler Cnty., 444 So. 2d 971 (Fla. 5th DCA 1984) (same).

Here, Truly Nolen asserted its right to compel arbitration simultaneously with its motion to transfer venue and as its **first** action in the lawsuit. Such action can hardly be considered inconsistent with the right to compel arbitration. Indeed, Truly Nolen took the only action it could to protect both its right to compel arbitration and its right to seek a convenient transfer because the motion to transfer could have been waived if not filed in its first motion or pleading. See Fla. R. Civ. P. 1.140(b) (requiring a motion to transfer venue to be filed prior to any pleadings); Jerolaman v. Van Buren, 512 So. 2d 1138, 1140-41 (Fla. 1st DCA 1987) (finding that a defendant who filed an answer waived any right to seek transfer of venue).

In finding that Truly Nolen waived the right to arbitrate, the trial court below relied heavily on R.W. Roberts Construction Co. v. Masters & Co., a 1981 case from the Fifth District Court of Appeal finding that a defendant who unsuccessfully moved to dismiss the complaint for failure to state a cause of action and also to transfer venue could not later move to compel arbitration. 403 So. 2d 1114, 1115 (Fla. 5th DCA 1981). The trial court's reliance on R.W. Roberts was, however, misplaced, as it is easily distinguishable based on the timing of the filings. Additionally, as explained above, cases from this Court establish that a party's simultaneous filing of a pre-answer motion with a motion to compel arbitration does not constitute a waiver. Furthermore, the Fifth District itself expressly distinguished R.W. Roberts on facts similar to the facts in the instant

6

case by finding that the simultaneous filing of a motion to dismiss with a motion to compel arbitration is not inconsistent with the right to compel arbitration. Duckworth v. Plant, 697 So. 2d 1257, 1259 (Fla. 5th DCA 1997).

Truly Nolen has not taken a position inconsistent with its right to compel arbitration at any point in the underlying litigation, and therefore, the trial court erred by finding that it had waived that right. We express no opinion on the validity of the arbitration agreement, which still remains to be resolved by the trial court.

Reversed and remanded.