# Third District Court of Appeal

## State of Florida

Opinion filed April 22, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-1804; 3D14-1803
Lower Tribunal Nos. 09-66466; 09-66128

_____

**Edie Laquer, et. al.,**
Appellants,

vs.

**Arthur Falcone, et. al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Paul Morris, for appellants.

Berger Singerman LLP, and Mitchell W. Berger and Elaine Johnson James, for appellees.

Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Edie Laquer, et al., appeal from a final judgment in which the trial court confirmed an arbitration award; and the denial of their motion for rehearing and

reconsideration and motion to vacate or correct the final arbitration award. We reverse the trial court's final judgment because the arbitrator lacked jurisdiction to enter the award after Laquer voluntarily dismissed her cross-claims.

Laquer filed an action against Arthur Falcone and various limited liability companies, known as the Joint Venture Lawsuit, which involves a dispute over Laquer's equity interest in a twenty-five acre real estate project. In separate foreclosure actions, the mortgagee sued Laquer. Laquer then cross-claimed in the Joint Venture Lawsuit against Falcone for indemnification, alleging that Falcone breached his duty to defend in the foreclosure actions. Falcone moved to compel arbitration of the Duty to Defend cross-claims based on the dispute resolution provisions of the LLC operating agreements. The trial court denied the motion, finding that the parties waived their right to demand arbitration when they participated in the foreclosure lawsuits and the Joint Venture Lawsuit. This Court reversed in 13 Parcels LLC v. Laquer, 104 So. 3d 377 (Fla. 3d DCA 2012), holding that the arbitration provision in the LLC operating agreements controlled the Duty to Defend cross-claims arising out of the foreclosure actions.

Subsequently, Falcone moved to compel arbitration of the Joint Venture Lawsuit. The trial court denied the motion. This Court affirmed in Falcone v. Laquer, 132 So. 3d 1171 (Fla. 3d DCA 2014), and declined to order the Joint Venture Lawsuit into arbitration, noting that the Joint Venture Lawsuit was a much

larger case that included claims, parties, and alleged agreements that were not subject to arbitration. Id. at 1173-74. On remand, the trial court stayed the cross-claims, pursuant to section 682.03, Florida Statutes (2013), and the court referred the cross-claims to arbitration.

Before the start of arbitration, Laquer settled with the mortgagee. Laquer thereafter filed voluntary dismissals of the Duty to Defend cross-claims. At the arbitration hearing, Laquer argued that the arbitrator lacked subject matter jurisdiction and that the hearing was futile because there was no arbitrable dispute after she voluntarily dismissed the cross-claims. Following a three-day hearing at which Laquer did not participate and Falcone presented witnesses and exhibits, the arbitrator entered an award. The arbitrator concluded that Laquer would take nothing in the Duty to Defend cross-claims. Laquer opposed confirmation of the arbitrator's award, noting her intention to file a motion to vacate the award within the 90-day statutory period, pursuant to section 682.13(2), Florida Statutes (2013). The trial court entered judgment confirming the arbitrator's award.

Laquer moved for rehearing and reconsideration, and to vacate the award. Laquer maintained that the arbitrator lacked subject matter jurisdiction. Laquer also argued that the arbitrator exceeded the scope of his jurisdiction when the arbitrator made findings of fact relevant only to the Joint Venture Lawsuit. At the non-evidentiary hearing, Falcone argued that the stay of litigation pending

3

arbitration rendered Laquer's notices of voluntary dismissals ineffective. The trial court agreed with Falcone that, because Laquer did not come forward to lift the stay, the voluntary dismissals could not receive proper recognition. The trial court denied Laquer's motion for rehearing and reconsideration, and the court held that the motion was to be scheduled for an evidentiary hearing if the cross-claimants desired.

Our review of an arbitration award "is very limited, with a high degree of conclusiveness attaching" to the award. Marr v. Webb, 930 So. 2d 734, 737 (Fla. 3d DCA 2006). Section 682.13(1), Florida Statutes (2013), lists the grounds upon which a court shall vacate an arbitration award upon the application of a party. One of the grounds upon which a court must vacate an arbitration award is when "the arbitrators . . . in the course of her or his jurisdiction exceeded their powers." § 682.13(1)(d), Fla. Stat. (2013). See also Glick v. Retamar, 922 So. 2d 1108, 1109 (Fla. 4th DCA 2006) (stating that an arbitration award will not be set aside "for a mere error of judgment unless . . . the arbitrator exceeded the scope of his authority"). "In the absence of one of the five factors set forth in the statute, neither the trial court nor this court has the authority to overturn the arbitration award." Marr, 930 So. 2d at 737.

The first issue we address is whether the stay entered rendered the voluntary dismissals ineffective such that the arbitrator retained jurisdiction to enter an award

4

on the Duty to Defend cross-claims. If the stay did not render the voluntary dismissals ineffective, this Court must decide whether the voluntary dismissals operated to deprive the arbitrator of jurisdiction to enter an award. We answer the first issue in the negative and conclude that the voluntary dismissals deprived the arbitrator of jurisdiction to enter an award.

The "effect of a stay of proceedings is to prevent the taking of any further steps in the action during the period of the stay." Ocala Breeders' Sales Co. v. Brunetti, 567 So. 2d 490, 492 (Fla. 3d DCA 1990). Here, the purpose of the stay was to allow the parties to resolve their issues through arbitration under the dispute resolution provisions of the LLC operating agreements. We agree with Laquer that when she voluntarily dismissed her Duty to Defend cross-claims, she did not take any further steps in the action, instead, Laquer did the opposite—she ceased to take any further steps in the action when she put an end to the action altogether. Thus, the stay on the cross-claims pending arbitration should not have precluded the voluntary dismissals.

Laquer contends that the trial court erred when it confirmed the arbitration award because there was no dispute left to arbitrate. We agree. Florida Rule of Civil Procedure 1.420(a)(1), provides, in pertinent part:

> *By Parties*. Except in actions in which property has been seized or is in the custody of the court, an action, <u>a claim,</u> <u>or any part of an action or claim may be dismissed by</u> <u>plaintiff without order of court (A) before trial by</u>

5

> serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all current parties to the action . . .

(emphasis added). Florida courts have consistently construed Florida Rule of Civil Procedure 1.420 as "meaning that, at any time before a hearing on a motion for summary judgment, a party seeking affirmative relief has nearly an absolute right to dismiss his entire action once, without a court order, by serving a notice of dismissal." Ormond Beach Assocs. Ltd. v. Citation Mortg., Ltd., 835 So. 2d 292, 295 (Fla. 5th DCA 2002).

However, "there is a common law exception to the rule that a voluntary dismissal deprives a court of jurisdiction where a defendant demonstrates serious prejudice if the dismissal is upheld." Soares Da Costa Constr. Servs., LLC v. Alta Mar Dev., LLC, 85 So. 3d 1172, 1174 (Fla. 2d DCA 2012). Serious prejudice could include situations in which the defendant "is entitled to receive affirmative relief or a hearing and disposition of the case on the merits, has acquired substantial rights in the cause, or where the dismissal is inequitable." Ormond Beach, 835 So. 2d at 295.

We conclude that the Ormond Beach exception does not apply. First, Falcone did not seek any affirmative relief. Moreover, the Duty to Defend cross-

6

claims, which were the only claims subject of the arbitration, were dismissed. Second, Falcone has not demonstrated serious prejudice. Falcone argues that he has acquired a substantial right in the litigation, such that the Ormond Beach exception indeed applies. Specifically, Falcone argues that the final award of the arbitrator empowers him to obtain attorney's fees, costs and expenses incurred as a result of Laquer's demand that Falcone defend the foreclosure actions, and subsequent efforts to avoid arbitration of the dispute, as the LLC operating agreements required.

Falcone is mistaken that he acquired substantial rights in the litigation. In Soares Da Costa Constr. Servs., LLC v. Alta Mar Dev., LLC, 85 So. 3d 1172 (Fla. 2d DCA 2012), the contractor filed a lien against the developer. Id. at 1173. The parties then stipulated to stay the action pending arbitration. Id. The parties also explicitly recognized that "the issues raised in the arbitration proceedings were the same issues underlying the [contractor's] complaint." Id. at 1174. The arbitrator entered an award in favor of the developer, who then filed a motion to confirm the arbitration award. Id. at 1173. The contractor then filed its notice of voluntary dismissal after the arbitrator entered an award in favor of the developer. Id. The Second District concluded that the contractor could not voluntarily dismiss his case because, under the Ormond Beach exception, the developer had acquired substantial rights in the litigation after the developer prevailed on his counterclaim

in the arbitration proceeding because the developer's motion to confirm the arbitration award "acted as a counterclaim in the lien action once the motion to confirm was filed and served." Id. The Second District also noted:

> [B]y virtue of the stipulation between the parties that the issues underlying the complaint in the claim of lien action were also the issues involved in the arbitration, the parties each attached some level of importance to the determination of the issues by the arbitration panel . . . [such] that the prevailing party in the arbitration proceedings acquired substantial rights in the cause.

Id. at 1175.

This case, however, is distinguishable from Soares because Laquer filed the voluntary dismissals *prior* to the arbitration proceeding. Falcone, as opposed to the developer in Soares, had not yet received an arbitration award when the voluntary dismissal was filed. Thus, at the time of the filing the voluntary dismissals, Falcone had not acquired the substantial rights in the litigation in the same way that the developer had in Soares. Thus, Falcone suffered no serious prejudice.

Laquer raised other grounds upon which to vacate the arbitration award, including that the arbitrator exceeded the scope of his jurisdiction when the arbitrator made findings of fact relevant only to the Joint Venture Lawsuit. Falcone counters that the arbitrator did not exceed his jurisdiction because the LLC operating agreements gave the arbitrator a broad grant of authority to arbitrate any

dispute arising between the parties that had not been resolved through negotiation. However, the matter compelled to arbitration was the Duty to Defend cross-claims, not the Joint Venture Lawsuit. In fact, this Court had already held that the Joint Venture Lawsuit was not subject to arbitration. See Falcone v. Laquer, 132 So. 3d 1171 (Fla. 3d DCA 2014). Thus, Laquer is correct that the arbitrator exceeded his jurisdiction when it made findings of fact relative to the Joint Venture Lawsuit.

We therefore conclude that Laquer's voluntary dismissals deprived the arbitrator of subject matter jurisdiction over the Duty to Defend cross-claims. Because the arbitrator exceeded his jurisdiction when he entered the award, we reverse the trial court's judgment in which the court affirmed the arbitration award.

Reversed and remanded.