# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1119
Lower Tribunal No. 22-23691-CA-01
_____

**Investcom Construction, LLC,**
Petitioner,

vs.

**Plaza Del Prado Condominium Association, Inc.,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Law Office of Jerome Hurtak, and Jerome J. Hurtak, for petitioner.

GrayRobinson, P.A., and Erik C. Neudorff (Fort Lauderdale), for respondent.

Before EMAS, LINDSEY and BOKOR, JJ.

EMAS, J.

## INTRODUCTION

Petitioner, Investcom Construction, LLC (Investcom), the plaintiff in the trial court, seeks a writ of prohibition, contending that the trial court was divested of jurisdiction after Petitioner filed its notice of voluntary dismissal, and that the trial court was without jurisdiction to enter an order vacating that voluntary dismissal. We agree, and for the reasons that follow, we grant the petition, issue the writ, and quash the order under review.

## PROCEDURAL AND FACTUAL BACKGROUND

In December of 2022, Investcom filed an action to foreclose a construction lien against the defendant below, Plaza Del Prado Condominium Association, Inc. (Plaza Del Prado). The claim of lien was based on work allegedly performed by Investcom for Plaza Del Prado, pursuant to a contract between the parties. In addition to the foreclosure of lien claim, Investcom filed a notice of lis pendens.

By the time Investcom filed its foreclosure action, an arbitration of the underlying dispute had already been initiated and was proceeding as required by the arbitration provision in the parties' contract. As a result, the parties agreed to stay the foreclosure action pending the outcome of the arbitration. Three weeks later, the trial court entered an order administratively placing the case on "inactive" status.

2

The arbitration concluded and on March 25, 2024, the arbitrator entered an interim award, determining that: 1) neither party prevailed on its respective breach of contract claims; 2) Petitioner's claim of lien was deemed fraudulent under section 713.31(2)(a), Florida Statutes (2022),[1] and unenforceable; and 3) neither party was entitled to an award of monetary damages. The arbitrator reserved jurisdiction on the issue of attorney's fees pending further submissions by the parties.

The following day (Tuesday, March 26, 2024), Respondent's counsel sent the following email to Petitioner's counsel:

> It seems like the arbitrator decided to split the baby and did not award substantial damages to either of our clients. That being said, the lien was deemed fraudulent and needs to be discharged. There are several closings being held up due to the lis pendens and lien. **Please confirm that you will promptly discharge the lis pendens and the lien and dismiss the lien claim in the circuit court case. I think new recoverable damages could be incurred if it is not removed immediately after being notified it is deemed fraudulent**.
>
> Please confirm that this will be done by the end of the week or let me know why it wouldn't be. (emphasis added).

---

[1] Section 713.31(2)(a), Florida Statutes (2022), provides in pertinent part:

> Any lien asserted under this part in which the lienor . . . has willfully included a claim for work not performed upon or materials not furnished for the property upon which he or she seeks to impress such lien or in which the lienor has compiled his or her claim with such willful and gross negligence as to amount to a willful exaggeration shall be deemed a fraudulent lien.

On Monday, April 1, 2024, Petitioner served and filed a notice of voluntary dismissal with prejudice and a notice of cancellation of the lis pendens.

Nearly a month later, on April 26, 2024, the arbitrator entered a final award and, consistent with its interim determination, awarded no monetary damages to either party. The arbitrator also determined that neither party was entitled to an award of attorney's fees.

On May 23, 2024, Respondent moved for an order vacating Petitioner's notice of voluntary dismissal with prejudice and to "reopen" the case based on a singular legal argument: that the trial court had issued an order placing the case on "inactive" status during the pending arbitration, and that order required Petitioner to file a motion to return the case to "active" status. Petitioner failed to file such a motion, and instead served a notice of voluntary dismissal. As a result, Respondent asserted, the voluntary dismissal was a nullity, and Respondent requested the court vacate the voluntary dismissal, and "re-open" the case to, inter alia, confirm the April 26 arbitration award and enter an award of attorney's fees.

On June 18, 2024, the trial court granted Respondent's motion, and entered an order vacating Petitioner's April 1, 2024, voluntary dismissal with prejudice and "re-opening" the case. This petition followed.

**ANALYSIS AND DISCUSSION**

We begin with the rule of procedure governing voluntary dismissals. Florida Rule of Civil Procedure 1.420(a)(1) provides:

> Except in actions in which property has been seized or is in the custody of the court, an action, a claim, or any part of an action or claim may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision.

In <u>Pino v. Bank of New York</u>, 121 So. 3d 23, 32, 40 (Fla. 2013), the Florida Supreme Court reiterated the well-established effect of a voluntary dismissal filed pursuant to rule 1.420(a)(1):

> [T]he effect of a plaintiff's voluntary dismissal under rule 1.420(a)(1) is jurisdictional. The voluntary dismissal serves to terminate the litigation, **to instantaneously divest the court of its jurisdiction** to enter or entertain further orders that would otherwise dispose of the case on the merits, **and to preclude revival of the original action**.
>
> * * *
>
> Under a plain reading of rule 1.420(a)(1), the trial court now has no authority or discretion to deny a plaintiff's service of a notice of voluntary dismissal, as the dismissal is effective upon service.

5

(emphasis added).

While <u>Pino</u> recognized a narrow exception—by which the opposing party may move under Florida Rule of Civil Procedure 1.540(b)(3) to strike or vacate a voluntary dismissal[2]—Respondent did not raise or assert such

_____

[2] As the Court recognized in <u>Pino</u>:

> [W]here fraud is alleged by the defendant as a basis for seeking to set aside the plaintiff's voluntary dismissal, relief may be warranted when the plaintiff's fraud resulted in the plaintiff securing affirmative relief from the court to the detriment of the defendant and, upon obtaining that relief, the plaintiff voluntarily dismissed the case to prevent the court from undoing the improperly obtained relief.

<u>Pino v. Bank of New York</u>, 121 So. 3d 23, 38 (Fla. 2013). <u>See also</u> <u>Schlechter v. Cmty. Hous. Tr. of Sarasota Cnty., Inc.</u>, 308 So. 3d 1088, 1091 (Fla. 2d DCA 2020) ("The only recognized exception to this rule of 'absolute finality' is 'the existence of grounds justifying relief under rule 1.540(b).") (citation omitted).

And though not applicable to this petition, <u>Pino</u> also acknowledged that "[a] notice of voluntary dismissal does not divest a trial court of jurisdiction to award sanctions under section 57.105, Florida Statutes (2012), even after a voluntary dismissal is taken." <u>Pino</u>, 121 So. 3d at 41. <u>See also</u> <u>Monteagudo v. Cimbler</u>, 306 So. 3d 337, 338 (Fla. 3d DCA 2020) ("Our precedent is clear that the voluntary dismissal divested the trial court of further jurisdiction save (a) as expressly reserved for an award of any timely motions by the parties for attorney's fees, or (b) certain limited exceptions, none of which are applicable here." (alterations in original omitted) (citing <u>Pino</u>, 121 So. 3d at 41-43, for the proposition that "a voluntary dismissal generally deprives the trial court of further jurisdiction" and that "an exception applies to a motion for sanctions under section 57.105 filed before the notice of voluntary dismissal")).

6

circumstance, either in the trial court or in its response to the petition. Instead, the sole basis for seeking vacatur of the voluntary dismissal is that it was a "nullity" because it was served while the case was on "inactive" status, and Petitioner served its notice of voluntary dismissal without first obtaining an order from the trial court returning the case to "active" status as required by the trial court's order administratively classifying the case as inactive.[3]

We find no merit in Respondent's argument.

First, the classification of a case as "inactive" (and a requirement that a motion be filed to return the case to "active" status) does not impact (much less nullify) a plaintiff's authority under rule 1.420(a) to voluntarily dismiss its action.

The "inactive" status classification was created by administrative order of the Florida Supreme Court, as part of its effort "to establish a consistent and unambiguous environment for the tracking and recording of trial court case activity. . . ." In re: Trial Court Case-Event Definitional Framework, AOSC14-20 at 1. That administrative order created and defined a number

---

[3] The order provided in relevant part: "The parties must return the case to active status by motion, with notice to all parties, within 30 days of the termination of grounds for inactive status, and seeking an order of court returning it to active status."

7

of trial court case-related "events" and "statuses" to provide a "foundational structure for recording and tracking case activity within the trial courts." Id. at 3. To that point, AOSC 14-20 defines "inactive" status as follows:

> **Inactive** - A case is considered in an <u>inactive status</u> when court activity on that case is suspended pending resolution of an issue external to the court or that does not directly involve the court in resolving that issue; for example, awaiting the results of an appeal or the disposition of a related case. **A case placed in an inactive status is not closed and does not need to be reopened when the case returns to active status, regardless of the length of time involved.**

Id. at 4 (emphasis added).

As can readily be seen, an "inactive" case is not the equivalent of a case that has been terminated by some formal action of the court (e.g., a final order of dismissal) nor even the equivalent of a case that has been stayed by a court order. Instead, this administrative status is simply a method to track case activity and record certain key events during the pendency of an individual lawsuit.[4]

---

[4] Conversely, AOSC 14-20 creates and defines "closed" status:

> A case is considered to be closed, or disposed, (that is, in a <u>closed status</u>) for court activity on the date of the judicial decision, order or other recordable action that provides resolution to the last (or all) of the matters brought before the court as a consequence of the filing event that initiated the case. The court, then, has no further action to take on the case. This status identifies a previously open case that has been resolved

Respondent relies heavily on the fact that the trial court's order placing the case on "inactive" status provided that, a party seeking to change this classification needed to file a motion, with notice to the other party, seeking an order "returning it to active status." However, such a provision did not affect Petitioner's authority under rule 1.420(a)(1) to file its notice of voluntary dismissal. Nor did the administrative status of the case as "inactive" alter the legal effect of the voluntary dismissal. Respondent has not cited a rule, statute or case to support its position that the notice of voluntary dismissal was a nullity unless and until Petitioner first obtained an order changing the administrative classification of the case from "inactive" to "active."

Second, even if the trial court's "inactive status" order was analogous to an order staying the trial court proceedings, an order staying the litigation pending arbitration does not render a notice of voluntary dismissal ineffective. Laquer v. Falcone, 165 So. 3d 19, 22-23 (Fla. 3d DCA 2015) ("[T]he purpose of the stay was to allow the parties to resolve their issues through arbitration . . . . We agree with [Appellant] that when she voluntarily dismissed her Duty to Defend cross-claims, she did not take any further

by the courts and applies to the period between the disposition event and the first reopen event.

9

steps in the action, instead, [Appellant] did the opposite—she ceased to take any further steps in the action when she put an end to the action altogether. Thus, the stay on the cross-claims pending arbitration should not have precluded the voluntary dismissals.")  Like the plaintiff in Laquer, the plaintiff in the instant case was not seeking to "take any further steps in the action" (nor to change the administrative classification of the case from inactive to active) but rather to "put an end to the action altogether." Id.

Third, we hold Respondent was estopped from seeking an order vacating Petitioner's voluntary dismissal. After the arbitration was concluded—but before the final award was rendered—it was Respondent who sent an email to Petitioner's counsel, requesting that Petitioner dismiss the foreclosure action and cancel the lis pendens, noting that time was of the essence and that there could be "new recoverable damages" if Petitioner did not act promptly:

> It seems like the arbitrator decided to split the baby and did not award substantial damages to either of our clients.  That being said, the lien was deemed fraudulent and needs to be discharged.  There are several closings being held up due to the lis pendens and lien.  **Please confirm that you will promptly discharge the lis pendens and the lien and dismiss the lien claim in the circuit court case. I think new recoverable damages could be incurred if it is not removed immediately after being notified it is deemed fraudulent**.
>
> Please confirm that this will be done by the end of the week or let me know why it wouldn't be.

10

(emphasis added).

Six days later, Petitioner did precisely what Respondent requested: it "promptly discharge[d] the lis pendens and dismiss[ed] the lien claim in the circuit court case." Under these circumstances, Respondent was estopped to seek a vacatur of the voluntary dismissal in the trial court or otherwise object to actions undertaken by Petitioner in compliance with, and reliance upon, Respondent's express request. See Held v. Held, 617 So. 2d 358, 356-60 (Fla. 4th DCA 1993) (holding the husband could not complain that the trial court "lacked authority to award the wife child support 'in advance' by sequestering his share of the equity in the marital home," where "his attorney suggested that option to the court": "A party cannot claim as error on appeal that which he invited or introduced below."); Althouse v. Palm Beach Cnty. Sheriff's Off., 89 So. 3d 288, 289 (Fla. 4th DCA 2012) (declining to reverse based on trial court's failure to conduct an in camera inspection of the requested public records where the petitioner "invited the trial court's ruling by arguing against an *in camera* inspection and asserting that one would not be necessary"); Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 8:9 (2024 ed.) ("While the invited error rule is often used to preclude review of induced orders or rulings, it can also serve to legitimize induced actions of the adverse party," e.g., an argument that might normally

11

be excluded is allowed where the "need for the argument was initially caused by previous comments of the complaining party") (citing McKinney Supply Co. v. Orovitz, 96 So. 2d 209 (Fla. 1957)). Cf. Barnett Bank of Palm Beach Cnty. v. Est. of Read, 493 So. 2d 447, 449 (Fla.1986) (noting that "[v]alid grounds, such as estoppel or fraud, may exist that would and should excuse untimely claims," e.g., where the decedent's estate induced the bank not to file a formal claim but later invoked the statute of limitations when the bank brought proceedings to collect); Rabinowitz v. Town of Bay Harbor Islands, 178 So. 2d 9, 11-12 (Fla. 1965) (holding that a municipality was estopped from asserting a statutory notice requirement on tort claims where municipal agents misled the injured parties into not filing).

## CONCLUSION

We hold that the trial court was without authority to vacate the voluntary dismissal to remove it from "inactive" status, as the notice of voluntary dismissal terminated the underlying foreclosure of lien action in the trial court, and the court's jurisdiction to act thereafter was narrowly limited and, under these facts, did not include the authority to vacate the voluntary dismissal. We therefore grant the petition, issue the writ and quash the order under review.